**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN DANIEL SMITH,

        Plaintiff,

v.                              Case No:   6:23-cv-1718-WWB-LHP

ASHER KNIPE, KENNETH KEMP,
TIMOTHY MACE, ELIZABETH
BENTLEY, JAMES SHENKO and
DAVID LEMSON,

        Defendants

**ORDER AND DIRECTION TO THE CLERK**

This matter comes before the Court on *sua sponte* review of the docket. Upon consideration, there appear to be several procedural matters that require clarification in order to provide the parties, the Court, and the public with a clear picture of the progression of this case. As such, the Court makes the following rulings:

    1. By Order dated December 15, 2023, the Complaint and several other of *pro se* Plaintiff John Daniel Smith's filings were sealed because they contained the personal home address of Defendant Judge James Shenko. Doc. No. 35. The Court directed Plaintiff to file redacted versions of the relevant documents —

including the Complaint — on the public docket on or before December 29, 2023. *Id.* Unfortunately, Plaintiff has failed to comply with that Order, and in the meantime, several additional filings have been made — including two motions to dismiss by Judge Shenko. Doc. Nos. 42–43. Because the public has a common law interest to inspect and copy judicial records, the Court takes a very strict approach to sealing documents. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). As such, the Court will not permit Plaintiff's Complaint to remain under seal.

In the interests of judicial efficiency, rather than pursue sanctions against Plaintiff for his failure to comply with the Court's December 15, 2023 Order, the Court instead **DIRECTS the Clerk of Court to REDACT** Judge James Shenko's personal home address from the Complaint (Doc. No. 1, at ¶ 22 and at page 66) and to refile the redacted version of the Complaint on the public docket. The remaining documents discussed in the Court's December 15, 2023 Order shall remain sealed pending further order. *See* Doc. No. 35. Plaintiff is advised that as a *pro se* litigant he is required to comply with all applicable Rules and Court Orders, and any further failures to comply may result in sanctions, including the summary denial or striking of the offending filing. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

1989), *cert. denied*, 493 U.S. 863 (1989) (*Pro se* litigants are still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

2. Plaintiff John Daniel Smith's *pro se* Motion for Plaintiff to be Treated Equally to Defendants and be Able to Use Personal Electronic Devices Such as a Cell Phone and Laptop at US Middle District-Orlando Div. (Doc. No. 7, filed under seal) is **DENIED WITHOUT PREJUDICE**. The Court will not provide a blanket authorization for Plaintiff to bring unspecified electronic devices into the Courthouse. Should a hearing or other Court proceeding be scheduled in this case, Plaintiff may renew his request in advance of that hearing or proceeding.

3. Defendant Judge James Shenko has filed three motions to dismiss in this case to date. The first, filed on November 28, 2023 is brought under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(2) and is based solely on an argument that service of process was not properly effectuated on Judge Shenko pursuant to Federal Rule of Civil Procedure 4, and therefore service of process should be quashed, and the action dismissed against Judge Shenko for lack of personal jurisdiction. Doc. No. 24. The second motion, filed on January 22, 2024, is brought under Federal Rule of Civil Procedure 12(b)(6), and argues that all claims against Judge Shenko should be dismissed because: (1) Judge Shenko has absolute judicial immunity; (2) the Complaint is an impermissible shotgun pleading; (3) the Complaint is barred under the doctrine of Eleventh Amendment immunity; and (4)

Plaintiff has failed to state a claim for relief. Doc. No. 42. In that motion, Judge Shenko notes that Plaintiff again attempted to serve him on December 27, 2023 (*see* Doc. No. 41), but that rather than challenge this second service of process, Judge Shenko "is waiving formal service of process." *Id.*, at 1, n.1. The third motion to dismiss, filed on January 24, 2024, is simply an amended motion, which incorporates a Local Rule 3.01(g) conferral certification, but otherwise is identical to the January 22, 2024 motion. Doc. No. 43.

In light of Judge Shenko's representations that he has waived formal service of process, *see* Doc. No. 42, at 1, n. 1; Doc. No. 43, at 1, n.1, the first motion to dismiss (Doc. No. 24) is **DENIED AS MOOT.** The second motion to dismiss (Doc. No. 42) is also **DENIED AS MOOT** by virtue of the filing of the amended motion to dismiss (Doc. No. 43). However, it appears that the motions to dismiss filed under Rule 12(b)(6), *see* Doc. Nos. 42–43, were untimely-filed. Given that Judge Shenko waived formal service of process, and in the absence of any argument to the contrary, the Court treats the December 27, 2023 service of process as the effective date of service. *See* Doc. No. 41. As such, Judge Shenko had 21 days to file a response, which expired on January 17, 2024. *See* Fed. R. Civ. P. 12. Judge Shenko did not comply with this deadline, and did not seek leave to file an out-of-time motion. However, other than arguing that the motions are "redundant," Plaintiff does not expressly challenge in his opposition brief the timeliness of Judge Shenko's

motions.  *See* Doc. No. 44.  Given the rulings in this Order, as well as the need for judicial efficiency, the Court in this one instance will permit Judge Shenko's January 24, 2024 motion to stand and will deem it timely filed.[1]   However, just as the Court has reminded Plaintiff, the Court also reminds all Defendants that they too must comply with all applicable rules and Court Orders, and any future non-compliant filings may be summarily stricken or denied.

4. Plaintiff's Motion for Evidentiary Hearing Under Rule 3.01(h) (Doc. No. 30) is **DENIED**.  Plaintiff has not filed a motion for which a hearing is necessary, and the pending motions to dismiss all raise arguments under Federal Rules of Civil Procedure 12(b)(1), (3) and (6), for which the Court does not require an evidentiary hearing in order to resolve.

---

[1] The Court also finds that Fed. R. Civ. P. 12(g)(2) does not preclude Judge Shenko's subsequent motions to dismiss, as they follow a subsequent service of process which the Court and Judge Shenko treat as the effective date of service, and because the motions raise issues of Eleventh Amendment immunity, which is essentially a challenge to the Court's subject matter jurisdiction.  *See Seaborn v. State of Fla., Dep't of Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998); Fed. R. Civ. P. 12(h)(3).

The pending motions to dismiss will be addressed in a separately filed Report and Recommendation to the Presiding District Judge.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties