# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN DANIEL SMITH,

        Plaintiff,

v.                                        Case No:   6:23-cv-1718-WWB-LHP

ASHER KNIPE, KENNETH KEMP,
TIMOTHY MACE, ELIZABETH
BENTLEY, JAMES SHENKO and
DAVID LEMSON,

        Defendants

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motions filed herein:

> **MOTION:**  **MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT (Doc. No. 21)**
>
> **FILED:**     **November 20, 2023**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' ATTORNEY ASHER KNIPE AND KNOTT – EBELINI - HART LAW FIRM'S MOTION TO DISMISS AND MOTION TO TRANSFER (Doc. No. 22)** |
| **FILED:** | **November 20, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT, DAVID LEMSON'S, MOTION TO DISMISS THE COMPLAINT AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 23)** |
| **FILED:** | **November 20, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT JUDGE SHENKO'S AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 43)** |
| **FILED:** | **January 24, 2024** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I.      INTRODUCTION

On September 20, 2023, Plaintiff John Daniel Smith, proceeding *pro se*, filed a Complaint against Defendants Asher Knipe, Esq. ("Knipe"), the law firm of Knott, Ebelini, and Hart (the "KEH Firm"), Kenneth Kemp, Esq. ("Kemp"), Timothy Mace, Esq. ("Mace"), Elizabeth Bentley, Esq. ("Bentley"), the law firm of Patrone, Kemp, Bentley, and Mace (the "PKB Firm"), the Honorable James Shenko ("Judge Shenko"), and David Lemson ("Lemson") (collectively, the "Defendants").   Doc. No. 46.[1]   The complaint raises six counts: four under the Digital Millenium Copyright Act, 17 U.S.C. § 1201, *et seq.* ("DMCA") (Counts I–III and VI), and two under federal copyright law (Counts IV and V).   *Id*.

Plaintiff's Complaint is 66 pages with an additional 63 pages of attachments, and while the allegations are listed in numbered paragraphs, the Complaint consists of tangential narratives, is rambling at times, and is somewhat difficult to decipher. Doc. No. 46.   As best the undersigned can tell, Plaintiff's allegations date back to a

---

[1] On motion of Judge Shenko, the initial Complaint and several other of Plaintiff's filings were sealed because they contained Judge Shenko's personal home address.   Doc. No. 35.   *See also* Doc. No. 1, sealed.   The undersigned directed Plaintiff to file redacted versions of the relevant documents — including the Complaint — on the public docket on or before December 29, 2023.   *Id*.   However, Plaintiff did not comply with the undersigned's Order, and in the interest of judicial efficiency, the undersigned directed the Clerk of Court to file a redacted version of the Complaint on the public docket, which removed Judge Shenko's home address.   Doc. No. 45.   The undersigned cites to and relies upon the redacted version of the Complaint throughout this Report and Recommendation.   Doc. No. 46.

2018 familial trust dispute.   *Id.* ¶¶ 37–39.   Upon losing this trust dispute, Plaintiff allegedly produced and sold via online marketplace Amazon.com a 350-page book and two-hour video titled "Family Fraud: Getting Away with IRS Tax Evasion." *Id.* ¶¶ 27–34.   Plaintiff allegedly produced this video and book to document his perspective on the familial trust dispute.   *Id.* ¶¶ 40–43.   Thereafter, Plaintiff alleges he was sued in Lee County court by multiple parties who claimed his video and book included defamatory statements.   *Id.* ¶¶ 44–46.   Plaintiff claims during the course of this litigation, parties to the defamation lawsuit introduced as evidence excerpts from Plaintiffs video and book during trial.   *Id.* ¶¶ 47–53. Plaintiff also alleges Lemson "circumvent[ed] Amazon.com's Digital Rights Management software" in helping produce excerpts of the video and book in trial binders during the defamation litigation.   *Id.* ¶¶ 54–57.

Based on these 84 paragraphs of factual allegations, which are incorporated in full into the first four counts of the Complaint, Plaintiff alleges that Defendants violated federal copyright law and the DMCA.   *Id.* ¶¶ 85–193.   As relief, Plaintiff seeks preliminary injunctions enjoining Defendants to "preserve their many Exhibit Trial Binders . . . and not destroy the Evidence therein," and statutory damages "the Jury determines are warranted against the Defendants, both jointly and severally." *Id.*, at 64.

Each of the Defendants have moved to dismiss Plaintiff's Complaint in its entirety.   Doc. Nos. 21–23, 43.   Defendants argue that Plaintiff's Complaint is an impermissible shotgun pleading and/or fails to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).   *Id.*   Defendants also raise a host of other arguments in favor of dismissal, including that: (1) Plaintiff does not have standing to raise some of the counts listed in the Complaint (Doc. No. 21, at 10; Doc. No. 22, at 16); (2) Plaintiff filed his action in an improper venue (Doc. No. 21, at 2–5; Doc. No. 22, at 17–24; Doc. No. 23, at 2–4); (3) the Complaint fails to establish the Court's personal jurisdiction over Mace (Doc. No. 21, at 10–11) or Lemson (Doc. No. 23, at 4–10); and (4) Judge Shenko is immune from liability in this action under both the Eleventh Amendment and the doctrine of judicial immunity (Doc. No. 43, at 3–4, 7).[2]   Plaintiff has filed responses in opposition to all of the motions.   Doc. Nos. 31– 33, 44.   Defendants' motions to dismiss are therefore ripe for disposition and have been referred to the undersigned.

## II.   LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"

---

[2] By separate Order, the undersigned denied as moot Judge Shenko's two prior motions to dismiss.   *See* Doc. No. 45.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Additionally, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).   Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes."   Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

        "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"   *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).   Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without

specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). Yet, "liberal construction is not the same thing as wholesale redrafting." *Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

## III.   ANALYSIS

Upon consideration of the parties' respective arguments (Doc. Nos. 21–23, 31–33, 43), as well as the allegations of Plaintiff's Complaint (Doc. No. 46), the undersigned agrees with Defendants that Plaintiff's Complaint constitutes a shotgun pleading, rendering repleader appropriate.

Specifically, the Complaint constitutes the first type of shotgun pleading because the first four counts of Plaintiff's complaint incorporate all of the preceding allegations from the Complaint, without specifying which allegations relate to

which claim.   *See* Doc. No. 46, ¶¶ 85, 123, 137, 170.     And as to Counts V and VI, Plaintiff does not expressly reference any factual allegations whatsoever, but instead appears to incorporate the entire Complaint and several exhibits.   *Id.*, at 48-52.   *See Weiland*, 792 F.3d at 1321; *Am. City Bus. J., Inc. v. Babcox Media, Inc.*, No. 8:23-CV-978-CEH-AEP, 2023 WL 3479038, at *1 (M.D. Fla. May 16, 2023) (finding complaint to be the first type of shotgun pleading where two counts incorporate all prior paragraphs in the complaint and the allegations of count 1 are incorporated into counts 2–4, rendering the causes of action "an amalgamation of different counts and claims"); *Thomas v. Univ. of Miami*, No. 22-20296 CIV, 2022 WL 17400904, at *2 (S.D. Fla. Dec. 2, 2022) ("Plaintiff's complaint indiscriminately incorporates and repeats 34 paragraphs of factual allegations into all five counts without any effort to connect or separate which of those factual allegations relate to each particular count or defendant.   While there are circumstances reasonable to incorporate a set of background factual allegations and some general allegations common to each claim into every count, that is not the situation in this case.").

The Complaint is also the second type of shotgun pleading as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."   *See, e.g.*, Doc. No. 46, ¶¶ 42–43.   *See also Weiland*, 792 F.3d at 1322; *Holiday Haven Homeowners, Inc. v. Taranto*, No. 6:21-cv-174-CEM-EJK, 2021 WL 2905488, at *2 (M.D. Fla. May 24, 2021) (finding complaint second type of

shotgun pleading that included "immaterial facts . . . wholly irrelevant to the action" which "require[d] the district court . . . to sift through the facts presented and decide for itself which are material to the particular cause of action asserted, a difficult and laborious task indeed") (quotation, citation, and alterations omitted); *Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1345 (N.D. Ga. 2017), *aff'd sub nom. Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180 (11th Cir. 2019) (finding complaint a "prime example" of the type of shotgun pleading where it "require[d] the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a massive waste of judicial and private resources" (quotation marks and citations omitted)).

Last, Plaintiff's complaint constitutes the fourth type of shotgun pleading because it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at 1323. Specifically, Plaintiff's Complaint routinely refers to the actions of "Defendants" in detailing the copyright infringement that allegedly occurred during the trial in the defamation litigation against Plaintiff, without delineating the roles or alleged wrongs attributable to each of the eight named Defendants. *See, e.g.*, Doc. No. 46, ¶¶ 42, 44–50, 87, 93, 96, 101–06, 109–10, 116–20, 124–27, 135, 136. *See also Pyatt v. Gimenez*, No. 1:20-CV-20827, 2020 WL 4003495, at *5 (S.D. Fla.

July 15, 2020) (dismissing complaint where it "suffer[ed] from the second and fourth 'sins' of asserting multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions and of alleging conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"); *Hewlett Packard Enter. Co. v. Digicom Tech., LLC*, No. 6:18-cv-1847-Orl-40GJK, 2018 WL 7412892, at *1 (M.D. Fla. Nov. 1, 2018) (dismissing complaint as fourth type of shotgun pleading where "each Count asserts claims against two named and twenty unnamed Doe Defendants without delineating each Defendant's liability-creating conduct.").

Because Plaintiff's Complaint constitutes a shotgun pleading, and in light of Plaintiff's *pro se* status, dismissal of the Complaint, with an opportunity to replead, is appropriate.  *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." (citation and quotation marks omitted)); *Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))).  *See also Hewlett Packard Enter.*, 2018 WL 7412892, at *2 (dismissing complaint without

prejudice and granting leave to amend where complaint constituted the first, and fourth types of shotgun pleading); *Cummings v. Cameron*, No. 6:17-cv-1897-Orl-41DCI, 2018 WL 7351719, at *3 (M.D. Fla. Apr. 10, 2018) (striking and dismissing with leave to amend shotgun complaint raising copyright infringement claims because the "rambling and, at times, incomprehensible allegations make it extremely difficult to determine whether Plaintiff has stated a claim for relief."); *SCCY Indus., LLC v. Jannuzzo*, No. 6:17-cv-1495-Orl-31KRS, 2018 WL 8344812, at *1 (M.D. Fla. Jan. 24, 2018) (dismissing complaint as first type of shotgun pleading with leave to replead); *Burgeson v. Collier Cty.*, No. 2:09-cv-220-FtM-36DNF, 2010 WL 11506949, at *3 (M.D. Fla. July 21, 2010) (dismissing counts of complaint as both first and third types of shotgun pleading with leave to replead).

As discussed above, Defendants also raise several other arguments in favor of dismissal, including issues regarding standing, personal jurisdiction, Eleventh Amendment and judicial immunity, and failure to state a claim for relief.   Doc. Nos. 21–23, 43.   However, given that the Complaint is a shotgun pleading, the undersigned does not address these contentions at this time, as they will be more appropriately addressed upon the filing of a complaint that complies with Federal Rules of Civil Procedure 8 and 10.   *See Wood v. Fla.*, No. 8:22-CV-66-JLB-JSS, 2022 WL 1470348, at *5 (M.D. Fla. May 10, 2022) (dismissing complaint as a shotgun pleading with leave to amend, with directions that any amended complaint must

establish plaintiff's standing to pursue her claims); *Spigot, Inc. v. Hoggatt*, No. 2:18-cv-764-FtM-29NPM, 2020 WL 108905, at *1 & n.2 (M.D. Fla. Jan. 9, 2020) (deferring ruling on issue of personal jurisdiction where the complaint was dismissed as a shotgun pleading); *Torres v. Zingale*, No: 6:22-cv-1298-WWB-LHP**,** 2023 WL 1965446, at *1 (M.D. Fla. Jan. 30, 2013) (declining to address Eleventh Amendment immunity arguments because the Court struck the complaint as a shotgun pleading); *Ally v. Hous. Auth. of City of Orlando, Fla.*, No. 6:20-cv-1518-WWB-LRH, 2021 WL 2446760, at *4 & n. 5 (M.D. Fla. Apr. 8, 2021) (finding Rule 12(b)(6) arguments premature and declining to address them when the shotgun complaint was due to be repleaded (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001))); *Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-cv-1044-T-33SPF, 2019 WL 2868943, at *3 (M.D. Fla. July 3, 2019) ("Because the [Amended] Complaint is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." (quoting *Madak v. Nocco*, No. 8:18-cv-2665-T-33AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018))); *Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC*, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017) ("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").[3]

---

[3] Defendants Kemp, Mace, Bentley, the PKB Firm, and Lemson have also moved to dismiss the Complaint based on improper venue.  *See* Doc. No. 21, at 2–5; Doc. No. 23, at 2–4.  However, a review of the arguments made by these Defendants demonstrates that

Should Plaintiff be permitted to file an amended complaint, he is cautioned that he must include factual allegations stating a plausible claim for relief, which requires him to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Therefore, in an amended complaint, Plaintiff must allege clearly the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law.[4]   Plaintiff must name as defendants only those

---

these are not really motions to dismiss for improper venue, as there is no argument that the case was filed in the incorrect judicial district. *See* 28 U.S.C. §§ 1391(b), 1400(b). Rather, what these Defendants are really arguing — and what Defendants Knipe and the KEH Firm actually argue (*see* Doc. No. 22, at 17–24) — is that this case should be transferred to the Fort Myers Division of this Court pursuant to Local Rule 1.04(b).   Accordingly, the undersigned has not addressed any arguments relating to venue, and defers consideration of any requests to transfer this action to another Division within this Court.   Simply put, the shotgun nature of this pleading makes it impossible at this juncture to ascertain which Division "is most directly connected" to this case, or in which Division the action "is most conveniently advanced." *See* Local Rule 1.04(b).   Should Plaintiff file an amended complaint in accordance with the recommendations in this Report, Defendants are free to revisit this transfer argument in any appropriately filed and supported renewed motion.

     [4] Count V of Plaintiff's Complaint attempts to assert claims under two criminal copyright statutes:   17 U.S.C § 506(a) and 18 U.S.C. § 2319.   Doc. No. 46, at 48–49.   The criminal statutes cited in Plaintiff's Complaint do not permit private rights of action. *See Donald Frederick Evans & Associates, Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 912 (11th Cir. 1986) ("Congress intended that [17 U.S.C. § 506] serve as a criminal statute and not give rise to private actions . . . [because] private parties have adequate means available by which to seek relief under other provisions of the Act which will yield more appropriate relief."); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 (S.D.N.Y. 1992), *aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994) ("However, there is no private cause of action under the criminal provisions of the copyright law."); *Shabazz v. Matthews*, No. 23-cv-1757, 2023 WL 4089361, at *4 (E.D. Pa. June 20, 2023) ("But no private right of action for criminal copyright infringement exists under 18 U.S.C. § 2319."); *Liqiang Wei v. Jiazhong Sun*, No. 18-cv-02136-MEJ, 2018 WL 1833897, at *3 (N.D. Cal. Apr. 18, 2018), *report and recommendation adopted*, No. 18-CV-02136-YGR, 2018 WL 4378760 (N.D. Cal. May 15, 2018) (finding that there is no

persons who are responsible for the alleged violations.   He must allege in the body of the amended complaint, under a section entitled "Statement of Facts," how each named defendant participated in the activity that allegedly violated his rights. Plaintiff must allege some causal connection between each defendant named and the injury he allegedly sustained.   *See* Fed. R. Civ. P. 8; 10.   One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation.   Plaintiff must also separately allege each cause of action in separate counts.   And Plaintiff must specifically allege the harm or injury caused by the actions and/or omissions of the defendant(s) and the relief sought, a general reference to "injury" will not suffice.

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov.   On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

---

private action under 18 U.S.C. § 2319).   If Plaintiff is afforded leave to file an amended complaint, he should not reassert his claims for civil relief under these criminal statutes.

## IV.   RECOMMENDATION

For the reasons stated herein, the undersigned **RESPECTFULLY RECOMMENDS** that the Court:

1. **GRANT in part and DENY without prejudice in part** Defendants' motions to dismiss (Doc. Nos. 21–23, 43).

2. **DISMISS** the Complaint (Doc. No. 46) without prejudice as a shotgun pleading.

3. **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, with the additional directive that such amended complaint not contain Judge Shenko's personal home address (which includes the city, state and zip code).

4. **DENY without prejudice** Defendants' motions to dismiss (Doc. No. 21–23, 43) in all other respects.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 13, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy