## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. <u>6:23-cv-1718-JSS-LHP</u>

JOHN DANIEL SMITH,

       *Plaintiff,*

v.


Knipe et al
*Defendants 1 to 9*

### <u>PLAINTIFF'S AMENDED COMPLAINT FOR STATUTORY DAMAGES FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL – INJUNCTIVE RELIEF SOUGHT</u>

Plaintiff John D. Smith (*"Plaintiff"*), a Pro Se Indigent Litigant brings this

Amended Complaint against Defendants 1 to 9, and alleges as follows:

## <u>Introduction</u>

1. This is a case about Copyright Infringement of the Registered Copyright PA

    2-431-821 of Plaintiff's Motion Picture Videodisk with Jewel Case insert by

    Defendants 1 to 9.

2. This is a case about the illegal Public Performance of Plaintiff's Copyrighted

    PA 2-431-821 Motion Picture Videodisk by Defendants 1 to 7, without prior

    written permission by Copyright Owner, the Plaintiff.

3. This is a case about Copyright Infringement of the Registered Copyright TX 9-186-848 of Plaintiff's 350 page E-Book of FAMILY FRAUD by Defendants 1 to 7 and Defendant 9.

4. Plaintiff is the Author of an award-winning acclaimed 350 page E-Book of True Crime Nonfiction entitled FAMILY FRAUD.  Registered Copyright TX 9-186-848.  SEE EXHIBIT 1.

5. Plaintiff is also the Writer, Director & Producer of an award-winning, acclaimed 2 hour Motion Picture entitled FAMILY FRAUD: GETTING AWAY WITH IRS TAX EVASION. Registered Copyright PA 2-431-821. SEE EXHIBIT 1.



Matthew Cox | Inside True Crime



6. Plaintiff's interview with <u>Inside True Crime</u> Producer Matthew Cox has received over 53,000 unique views on YouTube with 429 viewer comments since April of 2023.

7. Plaintiff's 350 page E-Book was the #1 Tax Law book on Amazon.com when it was released in 2022.

**Product Details**
ASIN: B0BCTPBJTJ
**Publisher:** Forgery 83101 Publications (September 9, 2022)
**Publication date:** September 9, 2022
**Language:** English
**File size:** 23231 KB
**Text-to-Speech:** Not enabled
**Enhanced typesetting:** Not Enabled
**X-Ray:** Not Enabled
**Word Wise:** Not Enabled
**Lending:** Enabled

**Amazon.com Sales Rank** #20,995 in Kindle Store (See Top 100 in Kindle Store)
#1 in Tax Law (Kindle Store)
#7 in Estates & Trusts Law

8. The 9 Defendants in this Copyright Infringement Case are:

1. Attorney Asher Knipe of Fort Myers, FL ("Defendant #1")
2. Knott Ebelini Hart Law Firm of Fort Myers, FL ("Defendant #2")
3. Attorney Kenneth Kemp of Fort Myers, FL ("Defendant #3")
4. Attorney Timothy Mace of Fort Myers, FL ("Defendant #4")
5. Attorney Elizabeth Bentley of Fort Myers, FL ("Defendant #5")
6. Attorney Andre Patrone of Fort Myers, FL ("Defendant #6")
7. Patrone, Kemp, Bentley & Mace Law Firm of Fort Myers, FL (Defendant #7")
8. 20th Circuit Civil Judge James Shenko of Fort Myers, FL ("Defendant #8")
9. David Lemson of Redmond, Washington State ("Defendant #9")

9  Prior to the June 20—23, 2023 Defamation Trial in Lee County Civil Case 21-CA-2959, Defendants 1, 2, 3, 4, 5, 6 & 7 ("Defendants 1 to 7") copied verbatim Plaintiff's 350 page Copyrighted E-Book of FAMILY FRAUD for mistaken Exhibit Evidence Trial Binders in mistaken Case #21-CA-6075 at least 4 times, as well as copied verbatim Plaintiff's 350 page E-Book at least 4 times in corrected Case #21-CA-2959. Defendants 1 to 7 also copied Plaintiff's 2 hour Motion Picture Videodisk onto many Flash Drives, for inclusion in Defendants 1 to 7' Evidence Exhibit Trial Binders.

10. Despite Defendants 1 to 7 expenses in copying verbatim Plaintiff's Protected Works for inclusion in 4 to 8 or more Exhibit Evidence Trial Binders in EXHIBIT 11 in Lee Civil Case #21-CA-2959, Defendants 1 to 7 chose not to introduce Plaintiff's Copyrighted 350 Page E-Book as Evidence in Lee Civil Trial #21-CA-2959.

11. Of the 4 Evidence Trial Binders in mistaken Case #21-CA-6075 that Defendants 1 to 7 made in 2023, 3 of these Evidence Exhibit Trial Binders were given to the Lee Clerk of Court at Docket Sounding on June 5, 2023, and the 4th was given to Plaintiff John D. Smith that same day.  These 4 Evidence Exhibit Trial Binders were later discovered to feature labels with mistaken Case #21-CA-6075, an embarrassing mistake for Defendants 1 to 7, all experienced Attorneys.

12. Plaintiff has been defending his Registered Copyrights pro se due to his determination of Indigence by the Lee County Clerk of Courts in February of 2023.  Indigence is marked by having annual income of less than $15,000. SEE EXHIBIT 2.

13. In contrast to the low economic status of Plaintiff, Defendant 3 lives an ostentation personal life with a $2 Million Dollar Mansion and a $650,000 Nor Tech 39 Yacht moored in his $90,000 St. Charles Yacht Club harbor. Defendants 4, 5 & 6 have bought large homes in the past few years. Defendant #1 just spent thousands of dollars remodeling his kitchen.

## 17 U.S.C. 504 – Statutory Damages for Copyright Infringement

14. Plaintiff asserts that under Title 17 of the U.S. Code, should a Jury find for the Plaintiff in Counts 1 & 2, Plaintiff is entitled to an award of Statutory

Damages.  Under Section 504 of the Copyright Act, Statutory damages are between $750 and $30,000 per infringed work, as determined by the court. However, under 17 U.S.C 504 (c)(2), the damage amount can be increased up to $150,000 per work if the infringement is found to be **willful.**

15. Plaintiff asserts that Defendants 1 to 7 and Defendant 9's collective actions in defeating Amazon.com' Digital Rights Management (DRM) anti-piracy controls and Defendants 1 to 7 actions in copying Plaintiff's 350 page E-Book at least 8 times onto paper with ink, and separately copying Plaintiff's 2 Hour Motion Picture Videodisk onto many Flash Drives would be determined by the Jury to be **willful conduct.**

16. *According to Louis Vuitton Malletier, S.A. 658F.3d at 946-47,* "A plaintiff may receive a single statutory award for all infringements of any one copyrighted work from either (1) any one defendant, where that defendant is separately liable or (2) multiple defendants, where those defendants are jointly and severally liable." See Columbia Pictures Television, 106 F.3d at 294 (holding that television stations owned by same owner and broadcasting episodes of same work were separate copyright infringers for purposes of determining statutory damages).

## **What is Litigation Privilege?**

17. An affirmative defense raised by Defendants 1 to 7 in related Case #21-CA-2959 was *"Litigation Privilege,"* whereby Defendants 1 to 7 had absolute immunity to break whatever Civil Law they chose under that defense.

18. According to the American Bankruptcy Institute (ABI) in the July of 2023 issue as shown in EXHIBIT 3, "Litigation Privilege" protects Attorneys regarding alleged defamatory communications in a trial only. *53 C.J.S. Libel & Slander 72 at 132 (1987)*. However, "Litigation Privilege" does not give lawyers blanket permission to violate Florida or Federal Statutes, or to commit Copyright Infringement.

## This Amended Complaint was started with Defendants 1 to 7 and Defendant 9's actions prior to the Defamation Trial in Lee Case #21-CA-2959

19. Due to the Local Trial Rules in Lee Civil Defamation Case #21-CA-2959, Plaintiff was required to put together 4 Exhibit Evidence Trial Binders and present one of them to Defendants 1 to 7 at Docket Sounding on Monday, June 5, 2023 in front of Defendant #8, Judge James Shenko. Defendant #8 then permitted Plaintiff to UPS the remaining 3 Exhibit Evidence Trial Binders to the Lee Clerk of Courts on Thursday, June 8, 2023.

20. Owing to his lack of experience, Plaintiff failed to put the below marking label on the bottom of each Exhibit in his 4 Evidence Exhibit Trial Binders.

**KENNETH KEMP et al**                    **Case #21-CA-2959**
**vs.**
**JOHN SMITH et al**                         **Exhibit #1** (and so on...)

21. After the June 12, 2023 email by Defendants 1 & 2 below, Plaintiff

> On Mon, Jun 12, 2023 at 5:05 PM Asher Knipe <aknipe@knott-law.com> wrote:
>
> Mr. Smith,
>
> None of your exhibits are properly marked. That's going to be a problem for you that I suggest you remedy immediately. If the exhibits you provided to us are incorrect, you need to give us the corrected exhibits immediately. I am not going to provide you with office space.
>
> **Asher E. Knipe**
> **Attorney At Law**

glanced at the Evidence Trial Binder provided to him by Attorney Knipe at

Docket Sounding on June 5, 2023.  SEE EXHIBIT 4.

22. Plaintiff noticed that Defendants 1 to 7 placed the mistaken Case #21-CA-

6075 at the bottom of all 55 of their Exhibits!  These featured mistaken

Evidence Exhibit labels for mistaken Case #21-CA-6075 on every page:

**SCHNEIDER, MARC et al**                    **Case #21-CA-6075**
**vs.**
**TRADEMARK RESTORATION INC et al**     **Exhibit #1** (and so on…)

23. Printing "Case #21-CA-6075" at the bottom of all 55 Exhibits in their 4

Evidence Trial Binders, including 3 that were given to the Lee Clerk of Courts on

June 5, 2023 and the 4th that was given to Plaintiff on the same day, was an

embarrassing mistake by Defendants 1 to 7, who are all experienced Attorneys.

24. Since the first 4 Exhibit Trial Binders prepared by Defendants 1 to 7 had the

mistaken Case #21-CA-6075 on their label at the bottom of all 55 Exhibits,

Defendants 1 to 7 violated Plaintiff's Copyright TX 9-186-848 at least 4 additional times for their corrected Case #21-CA-2959 Exhibit Evidence Trial Binders.

25. Defendants 1 to 7 violated Plaintiff's Copyright TX 9-186-848 once again by re-printing all 350 pages of Plaintiff's Copyrighted E-Book of FAMILY FRAUD for the 4 new Exhibit Trial Binders in the corrected Case #21-CA-2959.

26. This is a civil action seeking Statutory Damages under the U.S. Copyright Act of 1976, as amended, 17 U.S.C. 101 et seq. ("Copyright Act"), as well as under the Digital Millenium Copyright Act ("DMCA") of 1998.

## JURISDICTION

27. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1338 (jurisdiction over copyright actions). This Court also has subject matter jurisdiction pursuant to 17 U.S.C. 501 and 502, and Section 1201(1)(a) of the Digital Millenium Copyright Act of 1998.

28. This Court has personal jurisdiction over the following Defendants:

1. Attorney Asher Knipe of Fort Myers, FL ("Defendant #1")
2. Knott Ebelini Hart Law Firm of Fort Myers, FL ("Defendant #2")
3. Attorney Kenneth Kemp of Fort Myers, FL ("Defendant #3")
4. Attorney Timothy Mace of Fort Myers, FL ("Defendant #4")
5. Attorney Elizabeth Bentley of Fort Myers, FL ("Defendant #5")
6. Attorney Andre Patrone of Fort Myers, FL ("Defendant #6")
7. Patrone, Kemp, Bentley & Mace Law Firm of Fort Myers, FL (Defendant #7")
8. 20th Circuit Civil Judge James Shenko of Fort Myers, FL ("Defendant #8")

9.  David Lemson of Redmond, WA ("Defendant #9")

29. This Court has personal jurisdiction over Defendants 1 to 8 because: a) Each

Defendant committed the tortious conduct alleged in this Complaint in the State of

Florida; b) Each of Defendants 1 to 8 reside in the State of Florida, and/or c) Each

of Defendants 1 to 8 have engaged in substantial business activity in Florida.

30. Although Defendant #9 resides outside of Florida, this Court has personal

jurisdiction over Defendant #9.

31. According to FS 48.193 "Acts subjecting person to jurisdiction of courts of Florida":

> 1(a). A person, whether or not a citizen or resident of this state, who personally or to an
> agent does any of the acts enumerated in this subsection thereby submits himself or
> herself and, if he or she is a natural person, his or her personal representative to the
> jurisdiction of the courts of this state for any cause of action arising from any of the
> following acts:
>
> **1.   Operating, conducting, engaging in, or carrying on a business or business
> venture in this state or having an office or agency in this state.**
> **2.   Committing a tortious act within the State of Florida.**
> **3.   Owning real property, using real property, possessing real property or holding
> a mortgage or other lien on any real property within this state.**
> **6.   Causing injury to persons or property within this state arising out of an act or
> omission by the defendant outside this state, if, at or about the time of the injury:**
> **a.   The defendant was engaged in solicitation or service activities within this state;**

32. According to his LinkedIn profile in EXHIBIT 5, Defendant #9 Mr. Lemson is

a paid consultant of Microsoft ("MSFT Product Leader = Microsoft Product Leader").  On

Microsoft's website, https://www.microsoft.com/en-us/about/officelocator/all-offices, the

company shows Florida offices in Fort Lauderdale, Tampa, Aventura, Boca Raton,

Jacksonville, Miami, Orlando & Sarasota.  These Florida Microsoft Offices

establish personal jurisdiction of Defendant #9 Mr. Lemson per FS 48.193,

subparagraph 1, as he is engaging in business with many offices in Florida.

33. Defendant #9 Mr. Lemson has *"used and has possessed"* real property in the

State of Florida, per FS 48.193, subparagraph 3.  This real property is owned by

Mary F. Smith, Defendant Lemson's mother-in-law and her <u>Mary F. Smith Trust</u>

<u>dated 12/14/1998</u>, which Defendant Lemson is a Successor Trustee of.  This

Trust's multi-million dollars in real property includes:

- 25061 Cypress Hollow Ct. #201 in Bonita Springs, FL 34134 (Lee County)
- 17520 Butler Rd. in Fort Myers, FL 33967 (Lee County)
- 17557 Butler Rd. in Fort Myers, FL 33967 (Lee County)
- 18079 Constitution Cir in Fort Myers, FL 33967 (Lee County)
- 9157 Astonia Way in Estero, FL 33967 (Lee County)
- 18448 Iris Road in Fort Myers, FL 33967 (Lee County)

34. To understand that Defendant Lemson *"uses and possesses"* this real property,

see EXHIBIT 6, which is a Certificate of Trust dated 9/24/2018, for the "County of

Lee" in Fort Myers, FL.  Item 3 shows the SUCCESSOR TRUSTEE of "Kathyrn

C. (KC) Lemson," Defendant Lemson's wife.

35. Florida Statute 61.075 states Florida is an <u>equitable distribution jurisdiction</u>,

meaning there is no distinction between marital property owned by one spouse.

This means that Defendant Lemson has the same Successor Trustee interest in

these 6 Florida homes as his wife, KC Lemson.  This established personal

jurisdiction of Mr. Lemson per FS 48.193, sub. 3.

## **VENUE OF ORLANDO DIVISION IS PROPER**

36. Pursuant to 28 U.S.C. 1391(b) and (c), venue of Orlando Division of the United

States Middle District is proper because:

- A substantial part of the events or omissions giving rise to the claim

  occurred in the Orlando Division of the Middle Judicial District; and,

- All 9 Defendants own or have interests in Real Property in the State of

  Florida (and therefore can be easily located).

- Pursuant to 28 U.S.C. 1400(a) (venue for copyright cases) because the

  Registered Copyrighted property owned by Plaintiff that is the subject of the

  action is situated in the Orlando Division of the U.S. Middle District.  The

  Orlando division of the U.S. Middle District is where Plaintiff's copyrighted

  FAMILY FRAUD book was written and where Plaintiff's Motion Picture

  Videodisk, FAMILY FRAUD: GETTING AWAY WITH IRS TAX

  EVASION, both of which are the subjects of the action, was filmed,

  produced, edited, duplicated and distributed.

## **Parties**

37. Plaintiff resides at 524 W. Winter Park St. Orlando, FL 32804

38. Defendant Asher Knipe and Defendant Knott Ebelini Hart ("Defendants 1 & 2") are located at 1625 Hendry Street, 3rd Floor in Fort Myers, FL 33901

39. Defendants Kenneth E. Kemp II, Timothy Brandon Mace, Elizabeth Claire Bentley, Andre Patrone and Defendant Patrone, Kemp, Bentley & Mace ("Defendants 3, 4, 5, 6, & 7) are located at 12661 New Brittany Blvd. in Fort Myers, FL 33907.

40. Defendant Judge James Shenko ("Defendant #8") is located at Lee County Justice Center at 1300 Monroe Street in Fort Myers, FL 33901.  He is also located at the Office of Florida Attorney General at 3507 E. Frontage Road #150 in Tampa, FL 33607.

41. Defendant David Lemson ("Defendant #9") is located c/o his mother-in-law, Mrs. Mary F. Smith 17557 Butler Road in Fort Myers, FL 33967.

## Factual Background



42. On August 21, 2013 Plaintiff's father John D. Smith, Sr. died with a $30 Million Estate that Mr. Smith had worked 100 hour weeks for 40 years at Andersen Consulting of Chicago to achieve.

43. On December 14, 1998, when he was 58 years old, Mr. Smith created the **John D. Smith Trust**. Upon Mr. Smith's death, the <u>John D. Smith Trust dated 12/14/1998</u> would give half his $30 Million Estate to his wife, with instructions to his Bank Trustee to split the remaining $15 Million equally among his 5 adult children of Jennifer Smith, Kristin Greenlee, Karen Becker-Smith, Kathryn (KC) Lemson and his only son, John D. Smith, Jr. (Plaintiff). Mr. Smith designated THE FIRST NATIONAL BANK OF CHICAGO as his Trustee, not his wife, Plaintiff's Mother. Mr. Smith wanted his Trust instructions to be followed by a non-emotional 3rd party such as a sophisticated Bank for high net worth individuals like himself. Mr. Smith did this as he did not trust his wife to manage his financial wishes honorably after his death.

44. The last month of his life, in August of 2013, Mr. Smith was confined to a bed that was set up in the living room of his 5041 Indigo Bay Blvd. Unit 202 condo, in the West Bay Club gated subdivision off Williams Road and 41 in Estero, Florida 33928. Mr. Smith *"didn't know he was in bed,"* according to Plaintiff's sister Karen in late July of 2013, and *"wasn't making any sense,"* according to his future widow, Plaintiff's mother

on Monday, August 5, 2013. The photo on the previous page shows liver cancer-ravaged Mr. Smith just 2 weeks before his death, when he *"wasn't making any sense."*

45. In Plaintiff's Registered Copyright TX 9-186-848 of his 350 Page E-Book of FAMILY FRAUD, Plaintiff described how despite Mr. Smith's December 14, 1998 Trust instructions on dividing his Estate equally among his wife and 5 adult children, on Monday, August 5, 2013, Mrs. Smith conspired with her 4 daughters to cut out Mr. Smith's only son (Plaintiff). On that day, Mrs. Smith and a corrupt Naples Attorney named Chris Marsala got a Forged signature on a new "Amended & Restated 8/5/2013 Trust" to steal Mr. Smith's $30 Million Estate.

46. In Plaintiff's Registered Copyright TX 9-186-848 of his 350 Page E-Book of FAMILY FRAUD, Plaintiff described the conspiracy as including the long-suffering wife (Carole Murphy) of an alcoholic neighbor named Glenn Murphy. This was a surprising choice of Mrs. Smith's as Glenn & Carole Murphy, neighbors to Mrs. Smith for over 30 years, had a long history of behaving coldly towards her.

47. As Plaintiff's Registered Copyright TX 9-186-848 of his 350 Page E-Book described, Carole Murphy's role in the $30 Million Fraud was to falsely attest that Mr. Smith initialed all 8 pages of an 8/5/2013 new Will, when none of the 8 pages had been initialed by him.

48. In Plaintiff's Registered Copyright TX 9-186-848 of his 350 Page E-Book of FAMILY FRAUD, Plaintiff asserted that his father, who the <u>New York Times</u> wrote on May 30, 1989 was 1 of 6 Managing Partners of the Multi-Billion-Dollar Global Consulting Giant Andersen Consulting (now known as Accenture), would never have created a new 8/5/2013 Trust when he was on home hospice and wasn't making any sense,

**EXECUTIVE CHANGES**

May 30, 1989

* American Electric Power Service Corp., Columbus, Ohio, named Armando A. Pena vice president of finance.

* Andersen Consulting, Chicago, the management consulting unit of Arthur Andersen, named six managing directors: Michael O. Hill, A. George Battle, John D. Smith, Melvyn E. Bergstein, J. Robert Prince and Martin H. Vandersteen.

particularly without his Illinois Bank nor Illinois Attorney present.

49. As Plaintiff wrote in his Registered Copyright TX 9-186-848 of his 350 Page E-Book, Defendants 3 to 7 have falsely claimed in related Case #18-CA-3895 that the below signatures were made by Mr. Smith on August 5, 2013.  However, the left signature below was determined to be a Forgery.  The gaps in the writing lines are known as "writing transfer" caused by scanning.



John D. Smith, Sr., Settlor                    JOHN D. SMITH, SR.

50. It seems "inconceivable," to quote <u>The Princess Bride</u>, that both signatures were made by the same person, on the same day of Monday, August 5, 2013.

51. A screenshot of Plaintiff's 2022 350 Page E-Book Cover that is the subject of Plaintiff's Registered Copyright TX 9-186-848 is on the following page.



First Printing: January of 2024

# The IRS Tax FRAUD Cookbook

Andre J. Patrone, Esq.
Kenneth E. Kemp II, Esq.
Elizabeth C. Bentley, Esq.
T. Brandon Mace, Esq.

 **Patrone Kemp**
Bentley & Mace P.A.

WILLS * TRUSTS * ESTATES * GUARDIANSHIP

www.apatronelaw.com
**239-278-1800**

Mr. John D. Smith, Jr.
524 W. Winter Park Street
Orlando, FL 32804

June 8, 2018

RE:  John D. Smith, Sr. Trust 12/14/1998
Mary F. Smith Special Declaration of Trust A 3/27/2015

Dear Mr. Smith:

This office represents your mother, Ms. Mary F. Smith ("Fran").  Please be advised that we are in receipt of your letter to Fran dated on or about May 14, 2018.  Per your correspondence, you are requesting certain documents, information and accountings pursuant to Chapter 736, Florida Statutes, as it relates to the Trusts above.  The Mary F. Smith Special Declaration of Trust A dated 3/27/2015 is a revocable living trust created by your mother.  The creator of a Trust is called a Settlor.  She reserved the right to revoke the Trust during her lifetime.  Pursuant to F.S. 736.0603, while a trust is revocable, the duties of the Trustee are owed exclusively to the Settlor.  Therefore, Fran is not obligated to adhere to your requests.

Your father, **John D. Smith, Sr.** created the John D. Smith Trust December 14, 1998, designating **The First National Bank of Chicago** as his sole Trustee.  On August 5, 2013, your Dad wasn't making any sense, according to your mother, and didn't know he was in bed, according to your sister Karen.  On that day, **Naples Attorney Chris Marsala** got a Forged signature on a new "Amended & Restated Trust," which made Fran the sole 100% Trustee.  In 2014, Fran hired 3 separate accountants to falsely under-report your Dad's $30 Million Estate to the IRS as just $8,033,511.  After paying my firm $4 Million in Legal Fees, spending $3 Million buying 8 homes, donating $3 million to charity, buying me a $2 Million Mansion and a $650,000 Nor Tech speedboat, Fran has $11 Million as of 2023 to bequest to your sisters Jennifer, Kristin, KC & Karen.  Pursuant to the powers enumerated in the Forged 2013 Trust, Fran dissolved it and shredded the Forgery.  As Ben Franklin famously said, **"3 can keep a secret if 2 of them are dead!"**  Thus, there is no longer any Trust to account for.

By: _____
Kenneth E. Kemp II

**Recipes include:** Elderly victim profiling, hiding stolen IRS taxes in legal fees, how to find your own Carole Murphy and avoid disclosure requirements of Florida Trust Code.  Includes a Buyers Guide on laundering stolen millions in mansions, yachts and ego trips!

**John D. Smith**
(son of crime victim)

# COUNT 1

## Copyright Infringement, in violation of 17 U.S.C. 106(1) and 501
Defendants 1 to 9

52. Plaintiff owns Registered Copyright TX 9-186-848 for the 350 page E-Book of FAMILY FRAUD.

53. Plaintiff owns Registered Copyright PA 2-431-821 for the 2 hour Motion Picture Videodisk of FAMILY FRAUD: GETTING AWAY WITH IRS TAX EVASION.

54. Plaintiff has not licensed Defendants 1 to 9 the rights to copy the 350 page E-Book of FAMILY FRAUD in any manner, nor has Plaintiff assigned any of its exclusive rights in this Copyright to Defendants 1 to 9.

55. Plaintiff has not licensed Defendants 1 to 9 the rights to either excerpt a verbatim Transcript (Defendant #8) or copy the 2 hour Motion Picture Videodisk of FAMILY FRAUD: GETTING AWAY WITH IRS TAX EVASION in any manner, such as onto many Flash Drives by Defendants 1 to 7 for inclusion in Defendants 1 to 7's many Exhibit Evidence Trial Binders, nor has Plaintiff assigned any of its exclusive rights in this Copyright to Defendants 1 to 9.

56. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. 106, Defendants 1 to 7 improperly copied, stored,

reproduced, distributed, adapted, and/or publicly displayed works copyrighted by

Plaintiff thereby violating Plaintiff's exclusive rights in its Registered Copyright

TX 9-186-848 for the 350 page E-Book of FAMILY FRAUD, and its separate

Registered Copyright PA 2-431-821 for the 2 hour Motion Picture Videodisk of

FAMILY FRAUD: GETTING AWAY WITH IRS TAX EVASION.

57. Without permission or authorization from Plaintiff and in willful violation of

Plaintiff's rights under 17 U.S.C. 106, Defendant #8 improperly excerpted, copied,

stored, reproduced, distributed, adapted, and/or publicly displayed works

copyrighted by Plaintiff in Defendant #8's <u>Final Judgment dated August 9, 2023</u>

and his mirror-identical <u>Amended Final Judgement dated September 8, 2023</u>,

thereby violating Plaintiff's exclusive rights in its Registered Copyright PA 2-431-

821 for the 2 hour Motion Picture Videodisk of FAMILY FRAUD: GETTING

AWAY WITH IRS TAX EVASION.

## <u>Summary of Defendants 1 to 9<br> actions in their Copyright Infringment:</u>

58. Defendants 1 to 7 violated Plaintiff's 350 page E-Book of Family Fraud's

Registered Copyright TX 9-186-848 by:

- Defeating Amazon.com's Digital Rights Management (DRM) anti-piracy software and illegally converting Plaintiff's 350 Page E-Book so that it could be physically printed on paper with ink.

- Photocopying all 350 Pages of Plaintiff's FAMILY FRAUD E-Book onto paper with ink multiple times.

- 3 hole punching the 350 Page Verbatim copies of Plaintiff's 350 Page E-Book and inserting them into at least 4 Exhibit Trial Binders into corrected Lee County Civil Case #21-CA-2959 and into at least 4 Exhibit Trial Binders in Lee County Civil mistaken Case #21-CA-6075.

59. Defendants 1 to 7 violated Plaintiff's 2 hour Motion Picture Videodisk of FAMILY FRAUD: GETTING AWAY WITH IRS TAX EVASION, Registered Copyright PA 2-431-821 by:

- Making at least 4 Flash Drive copies of Plaintiff's Registered Motion Picture Videodisk and accompanying Jewel Case insert in mistaken Case #21-CA-6075 and making at least 4 Flash Drive copies of Plaintiff's Registered Motion Picture Videodisk and accompanying Jewel Case insert in corrected Case #21-CA-2959.

- Publicly performing Plaintiff's Copyrighted Motion Picture Videodisk at least 2 times at the June 20—23, 2023 Trial in Lee County Civil Case

#21-CA-2959, without the prior written permission of the Copyright

Owner (Plaintiff).

60. Defendant #8 Judge James Shenko violated Plaintiff's Registered Copyright

PA 2-431-821 by:

- Illegally excerpting verbatim excerpts of Plaintiff's Registered Copyright

  PA 2-431-821 on Plaintiff's Motion Picture Videodisk of FAMILY

  FRAUD: GETTING AWAY WITH IRS TAX EVASION, in Defendant

  #8's <u>Final Judgment dated August 9, 2023</u> and in his mirror-identical

  <u>Amended Final Judgment dated September 8, 2023</u>. SEE EXHIBITS 7 & 8.

- Requiring Plaintiff to destroy both Registered Copyrighted Works in

  Defendant #8's "Permanent Injunctive Relief" on Pages 5 & 6 of his

  respective <u>August 9, 2023 Final Judgement in Case #21-CA-2959</u> and

  mirror-identical <u>September 8, 2023 Amended Final Judgement in Case

  #21-CA-2959.</u>   SEE EXHIBITS 7 & 8.

<u>**Defendant #8's confusion and disorientation in related
Case #21-CA-2959 shows he may have suffered a TIA or Stroke**</u>

61. Plaintiff asserts that Defendant #8 committed Copyright Infringement, possibly

as a result of confusion after suffering a Transient Ischemic Attack (TIA) or a

Stroke.

62. According to Dr. Heidi Moawad, MD's January 5, 2023 article in EXHIBIT

12, symptoms of a TIA or Stroke include:

- Confusion;

- Disorientation;

- Problems with Memory;

63. Plaintiff first learned about these Stroke symptoms in the 1990s from Ms.

Deborah Adams, a Speech Language Pathologist (SLP) in Davenport, Florida.

64. According to her LinkedIn profile in EXHIBIT 14, Defendant #1's spouse

RyAnn Knipe is a practicing SLP who *"performs and interprets assessments"* and

would share Ms. Adams expertise on TIA's and Strokes, along with the knowledge

that symptoms of a Stroke or ministroke (TIA) includes confusion and

disorientation.

65. A significant example of Defendant #8's confusion/disorientation, possibly

brought on by a TIA or Stroke, is Defendant #8's "Minutes" he wrote in related

Case #21-CA-2959 on March 27, 2023.  Defendant #8, an experienced Circuit

Civil Judge wrote in the first sentence:

> ***"The Court has spent a lot of time reviewing this case, rely upon the punitive
> damages statute __786.72__ and the first sentence within the statute indicates a
> reasonable showing of evidence or by proffer of the evidence, and having
> reviewed the new summary judgment standard, allows for the court to rely on
> argument and evidence."***

**As EXHIBIT 13 shows, there exists no "Punitive Damages Statute 786.72, so it is unclear what Defendant #8 spent a lot of time on.**

66. The accurate Punitive Damages Statute is <u>768.72</u>.  Defendant #8's confusion and disorientation, possibly caused by a Stroke or TIA, caused him to transpose the "68" digits into a Statute that doesn't exist.  It is unclear if Defendant #8 then "spent a lot of time" researching the nonexistent Florida Statute 786.72 as his sworn March 27, 2023 affidavit states.

67. Defendant #8's confusion over non-existent Florida Statute 786.72 is alarming Judicial behavior and indicates that medical intervention may be overdue for Defendant #8.

68. Defendant #8's confusion over FS 768.72 caused him to ignore the requirements in FS 768.72 (2)(a) and (2)(b) for actual damages.  These are:

> (2)   A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of **intergentional misconduct or gross negligence**. As used in this section, the term:
>
> (a)   "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, **resulting in injury or damage.**
>
> (b)   "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the **life, safety, or rights of persons exposed to such conduct.**

69. Defendant #8's confusion and disorientation, possibly caused by a Stroke or

TIA, is manifested by Defendant #8's confusion over understanding FS 768.72

requires "injury or damage" and Defendants 1 to 7 admitted in Defendant #8's

"Minutes" on February 27, 2023 they had no damages.  SEE EXHIBIT 15.

70. Despite the *"I spent a lot of time reviewing this case and the punitive damages*

*statute"* vernacular in his March 27, 2023 "Minutes" in related Case #21-CA-2959,

Defendant #8's confusion and disorientation caused him to ignore subparagraphs

(2)(a) and (2)(b) in Punitive Damages Statute 768.72.

71. These 2 paragraphs require actual damages, but Defendants 1 to 7 <u>admitted just</u>

<u>a month previously on February 27, 2023 that they had no actual damages.</u>

72. As shown in "Minutes" in EXHIBIT 15, Defendant #8 on 2/27/23 stated:

**"Counsel indicates they are not seeking compensatory damages."**

## <u>On September 10, 2023, Plaintiff filed an Emergency Motion in Case</u> <u>#21-CA-2959 for medical intervention for Defendant #8</u>
SEE EXHIBIT 9

73. Plaintiff asserts Defendant #8's confusion after suffering a possible Stroke or

TIA resulted in him committing Copyright Infringement against Plaintiff.

74. Defendant #8's illegal excerpted verbatim Transcript of Plaintiff's Registered

Copyright PA 2-431-821 in Defendant #8's <u>August 9, 2023 "Final Judgment"</u> and

his mirror-identical <u>September 8, 2023 "Amended Final Judgement"</u> demonstrates

that Defendant #8 was suffering confusion and disorientation.

75. A comparison of Exhibit 7 <u>"Final Judgement dated August 9, 2023"</u> to Exhibit

8 <u>"Amended Final Judgement dated September 8, 2023"</u> shows they are identical 7

page documents. Both documents feature "1, 2 & 3" on the first page, "4—14" on

the third page, "15—19" on the fourth page, "20—25" and "Permanent Injunctive

Relief" on the fifth page, and both documents have the identical signature stamp on

page 6.  Both docs have a sample letter on Page 7.

76. A sign of Defendant #8's confusion is the signature on Page 6 of his <u>Final</u>

<u>Judgment dated August 9, 2023</u> in EXHIBIT 8.  This signature is identical to the

signature on Page 6 of his <u>Amended Final Judgment dated 9/8/2023</u>.  Both are

**signature stamps,** which a Stroke victim would use to camouflage a Strokes'

negative effect on legible handwriting.

77. If you abbreviate both of Defendant 8's Final Judgement dates, you have

8/9/23 and 9/8/23, <u>which are identical anagram mirrors of each other.</u>  Suffering

from confusion and disorientation, Defendant #8 Judge Shenko may not have

remembered that he had drafted and filed a Final Judgement on 8/9/23.

78. To remedy his uncertainty, he filed an identical Amended Final Judgment **<u>on</u>**

**<u>the anagram mirror date of 9/8/23, identical to the initial filing date of 8/9/23.</u>**

79. Defendant #8's Infringement of Plaintiff's Registered Copyright PA 2-431-821 by reprinting an excerpted Transcript and then falsely stating the Transcript mentioned the other Defendants by name when that wasn't true is evidence of the confusion that Stroke victims suffer. Plaintiff shows this line-by-line on Pages 2, 3 & 4 in EXHIBIT 9.

80. Another sign of confusion by Defendant #8 are his false statements in violation of the Florida Bar's Chapter 4, *Rule 4-3.3 "Candor Towards the Tribunal."*

81. Defendant #8 wrote in both his 8/9/23 and 9/8/23 anagram-mirrored Judgments many false statements that Plaintiff's Copyrighted Motion Picture Videodisk was sent to third parties, when none of these third parties testified at Trial, nor was evidence introduced at Trial in 21-CA-2959 such as depositions of these 8 witnesses to demonstrate any evidence held by them:

1. Green Schoenfeld & Kyle;      5. Law Offices of Robert C. Wilkins
2. McLaughlin & Stern;           6. Netflix;
3. Cardillo Keith & Bonaquist    7. Amazon Studios; and
4. Siverson Law Firm             8. Frank Abagnale

Plaintiff learned at the June 20—23, 2023 Trial in Case #21-CA-2959 that Defendant #8 Judge Shenko is a big proponent of video-deposing a witness when you are unable to ensure that Witness will abide by a Court Subpoena to appear at Trial. However, none of these 8 Third Party alleged witnesses were video-deposed by Defendants 1 to 7, nor were they questioned under Oath by Defendants 1 to 7 at

trial, nor did these alleged witnesses testify at the June 20—23, 2023 Trial.

Therefore, how Defendant #8 located these 8 Third Parties is a source of massive

confusion.

82. After Plaintiff filed this Copyright Infringement Case in September of 2023,

Defendant #8 continued to demonstrate confusion and disorientation in his Orders

in Case #21-CA-2959.

83. In a December 12, 2023 Order in Case #21-CA-2959, Defendant #8

Judge Shenko ordered Plaintiff to:

   **c. "Disclose any and all Trusts to which Plaintiff holds a legal or
beneficial interest."**

   **d. "Provide a Fact Information Sheet, Form 1.977, of the Florida Rules
of Civil Procedures, with property notarization."**

84. However, the Fact Information Sheet Form 1.977 does not require Trusts be

disclosed on it.  There is neither a question, nor space provided for an answer.

This is another example of confusion by Defendant #8 Judge Shenko.

85. The Fact Information Sheet Form 1.977 does not reference **"property

notarization"** and Plaintiff has no idea what that is.  This is another example of

the confusion by Defendant #8 Judge Shenko.

86. Defendant #8's Order dated December 12, 2023** demonstrates that the

confusion and disorientation that Plaintiff observed him suffering up to the date of

his Copyright Infringement filing in September of 2023, had continued into December of 2023.  SEE EXHIBIT 16.

87. If **"with property notarization"** was a typo, Defendant #8 and the huge legal team at his disposal at the Florida Office of Attorney General has had sufficient time---over 6 months---to Motion the Court regarding a possible Scrivener's error, and then remedy or fix it.  However, the sizable staff of the Florida AG's Office has not fixed this alleged error.  Therefore, Defendant #8's December 12, 2023 Order, with confusion and disorientation suffered by Defendant #8, must be accepted as it is stated.

** Defendant #8's 12/12/23 Order is now on appeal with the 6th DCA.

## COUNT 2

### Violations of 1201(1)(a) of the Digital Millenium Act of 1998 (DMCA)
Defendants 1 to 7 and Defendant 9

88. Section 1201(1)(a) of the DMCA provides in pertinent part that *"no person shall circumvent a technological measure that effectively controls access to a work protected under Title 17."*  Under this Statute, to *"circumvent a technological measure"* means to avoid, bypass, remove, deactivate, or impair a technological measure such as Amazon.com' Digital Rights Management, without the permission of the Copyright owner.

89. Plaintiff **has not** licensed Defendants 1 to 7 the rights to photocopy his 350 page E-Book of FAMILY FRAUD, nor copy his 2 hour Motion Picture Videodisk in any manner such as onto Flash Drives, nor has Plaintiff assigned any of his exclusive rights in the Copyrights to Defendants 1 to 7 nor to Defendant 9, nor did Plaintiff agree on a public performance license for Defendants 1 to 7 to play his 2 hour Motion Picture Videodisk multiple times at the Defamation Trial June 20—23, 2023.

90. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights, Defendants 1 to 7 and Defendant 9 violated Section 1201(1)(a) of the Digital Millenium Copyright Act of 1998 ("DMCA") by over-riding Amazon.com' Digital Rights Management anti-piracy controls so that Defendants 1 to 7 and Defendant 9 could print Plaintiff's Copyrighted 350 page E-Book onto paper with ink, for inclusion in Defendants 1 to 7' Exhibit Evidence Trial Binders.

91. Plaintiff's 350 page Copyrighted E-Book of FAMILY FRAUD has had Digital Rights Management (DRM) implemented since it was released on Amazon on September 9, 2022.   SEE EXHIBIT 10.

92. Defendant #9 is a Witness in companion case 18-CA-3895 with his wife, KC Lemson.  Mrs. Lemson is Plaintiff's youngest sister.  SEE EXHIBIT 5.

93. In 2022, at least one of Defendants 1 to 7 or Defendant 9 purchased the 350 page E-Book of Plaintiff's Copyrighted E-Book, <u>FAMILY FRAUD</u> on Amazon.com.

94. After purchasing the E-Book from www.AMAZON.com, Defendants 1 to 7 and/or Defendant 9 illegally circumvented Amazon's DRM technology.

95. After illegally circumventing Amazon's DRM technology, Defendants 1 to 7 illegally printed at least 4 copies of Plaintiff's Copyrighted 350 page E-Book of FAMILY FRAUD for insertion into 4 Exhibit Trial Binders in mistaken Case #21-CA-6075 and made a separate 4 illegal copies for insertion into 4 additional Exhibit Trial Binders in corrected Case #21-CA-2959.

96. Plaintiff asserts Defendants 1 to 7 and Defendant #9 actions in disabling Amazon.com's Digital Rights Management software are willful violations of Section 1201(1)(a) of the DMCA.

97. Defendants 1 to 7 included in its 4 mistaken Case #21-CA-6075 and 4 corrected Case #21-CA-2959 Exhibit Trial Binders a **"Supplemental Trial Exhibit List dated May 26, 2023."**  SEE EXHIBIT 11.

98. In their May 26, 2023 Trial Supplement, Defendants 1 to 7:

> a. Printed **"Exhibit 1"** to identify their illegal copy of Plaintiff's Copyrighted Motion Picture Videodisk, which Defendants 1 to 7 duplicated onto many Flash Drives for the Defamation Trial #21-CA-

2959, held from June 20 to June 23, 2023, in Defendant #8's courtroom.

b. Printed *"Exhibits 18 & 19"* to identify their illegal copies of the cover of Plaintiff's 350 page E-Book of FAMILY FRAUD.

c. Printed *"Exhibit 20"* to indicate their illegal 350 page verbatim copies of Plaintiff's Copyrighted 350 page E-Book of FAMILY FRAUD.

d. Printed *"Exhibits 2, 3, 4, 5, 6, 9, 10, 11 & 12"* to indicate their illegal copies of Plaintiff's Copyrighted 2 Hour Motion Picture Videodisk including the Jewel Disk, front cover and related short video excerpts from YouTube.

99. Defendants 1 to 7 acknowledgement on Line 20 on the 2nd page of their May 26, 2023 Trial Supplement demonstrates that Defendants 1 to 7 knew to obtain a 350 page E-Book copy from Amazon.

100. Line 20 on the 2nd page of Defendants 1 to 7 May 26, 2023 Trial Supplement is an admission from Defendants 1 to 7 that they illegally copied Plaintiff's Copyrighted 350 page E-Book of FAMILY FRAUD.  It is particularly telling that they did not write **"E-book excerpt under the Fair Use Doctrine"** or similar.

101.  The Seventh Amendment provides for the right to a jury trial on Statutory Damages issues, including the amount of such award. *See Feltner v. Columbia Pictures Television, Inc. 523 U.S. 340, 355 (1998).*

## <u>PRAYER FOR RELIEF FOR COUNT 1</u>

**Direct Copyright Infringement, in violation of 17 U.S.C. 106(1) and 501, with a Statutory Damages Award to Plaintiff under 17 U.S.C. 504(c)(1)**

(Defendants 1 to 9)

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the Court enters a judgment finding that Defendants 1 to 7 have infringed upon Plaintiff's Registered Copyright PA 2-431-821 by making many copies of Plaintiff's 2 hour Motion Picture Videodisk with Jewel Case insert onto many Flash Drives, and that Defendants 1 to 7 engaged in the Public Performance of Plaintiff's Copyrighted 2 Hour Motion Picture Videodisk multiple times at the June 20—23, 2023 Defamation Trial in Case #21-CA-2959, without the prior written permission of Plaintiff.

2. That the Court also enters a judgment finding that Defendants 1 to 7 have infringed upon Plaintiff's Registered Copyright TX 9-186-848 of Plaintiff's 350 page E-Book of FAMILY FRAUD, by making multiple unauthorized 350 page verbatim copies of Plaintiff's protected work for inclusion in their mistaken Case #21-CA-6075 and corrected Case #21-CA-2959 Exhibit Evidence Trial Binders.

3. That the Court also enters a judgment finding that Defendant #8 has infringed upon Plaintiff's Registered Copyright PA 2-431-821 by illegally excerpting verbatim Transcripts of Plaintiff's 2 hour Motion Picture Videodisk in his <u>August 9, 2023 Final Judgment</u> and his mirror-identical <u>September 8, 2023 Amended Final Judgement.</u>

4. That the Court also enters a judgment finding that Defendant #8's actions in infringing Plaintiff's Registered Copyright PA 2-431-821 on 8/9/23 and the mirror date of 9/8/23 lack Judicial Immunity because Administrative-capacity offenses that do not involve the performance of the function of resolving disputes between parties **do not have Judicial Immunity.**

*See Gregory v. Thompson, 500 F2d 59 (C.A. Ariz. 1974): Generally, judges are immune from suit for illegal acts, the only exception being for acts done in the clear absence of all jurisdiction. See also Forrester v. White, 484 U.S. 219, 98 L.Ed.2d 555, 108 S. Ct. 538 (1988); Atkinson-Baker & Assoc. v. Kolts, 7 F.3d 1452 at 1454, (9th Cir. 1993). "Administrative-capacity offenses do not have the judicial immunity.*

5. That the Court also enters a judgment finding that Defendant #9 has infringed upon Plaintiff's TX 9-186-848 Registered Copyright of Plaintiff's 350 Page E-Book of FAMILY FRAUD by defeating the anti-piracy Digital Rights

Management (DRM) controls on Amazon.com, using his technology training as a retired Microsoft executive and ongoing technology consultant.

6. That the Court award Injunctive Relief to the Plaintiff as a result of Defendants' 1 to 9 violations of Title 17 of the U.S. Code, to prevent or restrain infringement of Plaintiff's Copyrights pursuant to 17 U.S.C. 502.

7. That the Court award Statutory Damages, under Section 504(c)(1) of the Copyright Act against Defendants 1 to 9.  Statutory damages are between $750 and $30,000 per work, as determined by the court.  However, under 17 U.S.C 504 (c)(2), the damage amount can be increased up to $150,000 per work if the infringement is found to be **willful.**

8. That the Court issue an immediate Order to the Lee County Clerk of Courts Kevin C. Karnes to preserve the 3 Evidence Exhibit Trial Binders in mistaken Case #21-CA-6075 and the 3 Evidence Exhibit Trial Binders in corrected Case #21-CA-2959, as they are subject to destruction in 2024.  This is relevant to the total Statutory Damages Award, as willful Copyright Infringement under 17 U.S.C. 504 (c)(2) has penalties of up to $150,000 per work, and 8 Exhibit Evidence Trial

Binders times $150,000 max provides up to $1.2 Million in Damages by each

Defendant.

9. For Plaintiff's costs and for Plaintiff's reasonable attorney's fees.

10. That the Court find Defendants 1 to 9 jointly and severally liable.

## <u>PRAYER FOR RELIEF FOR COUNT 2</u>
### Violations of 1201(1)(a) of the Digital Millenium Act of 1998 (DMCA)
(Defendants 1 to 7 & Defendant 9)

WHEREFORE, Plaintiff respectfully requests judgment in Count 2:

1. That the Court enters a judgment finding that Defendants 1 to 7 and Defendant

#9 have infringed upon Plaintiff's Registered Copyright TX 9-186-848 by

defeating Amazon.com's anti-piracy Digital Rights Management controls to allow

Defendants 1 to 7 and Defendant 9 to physically copy all 350 pages of Plaintiff's

350 Page E-Book of FAMILY FRAUD, in violation of Section 1201(1)(a) of the

DMCA.

2. That the Court award Statutory Damages, under Section 1203(b) of the DMCA.

Under 17 U.S.C. 1203(b), statutory damages are multiplied by each violation of the

DMCA, at the statutory minimum of $2,500 per violation.  For example, if post-

judgment Discovery reveals that Defendants 1 to 7 and Defendant 9 distributed

Plaintiff's Copyrighted works to 1,000 individuals, that would be Statutory

Damages under 17 U.S.C. 1203(b) to Plaintiff of $2.5 Million.

3. That the Court issue an immediate Order to the Lee County Clerk of Courts
Kevin C. Karnes to preserve the 3 Evidence Exhibit Trial Binders in mistaken Case
#21-CA-6075 and the 3 Evidence Exhibit Trial Binders in corrected Case #21-CA-
2959, as they are subject to destruction in 2024.  This is relevant to the total
Statutory Damages Award under 17 U.S. 1203(b), as aforementioned.

4. That the Court find Defendants 1 to 9 jointly and severally liable.

5. For Plaintiff's costs and for Plaintiff's reasonable attorney's fees.

## **JURY DEMAND**

102. Plaintiff hereby demands a trial of this action by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Amended Complaint for Copyright Infringement is timely made on Monday, May 13, 2024. This is within 30 days of Judge Julie Sneed's Order dated April 15, 2024.

The foregoing timely-filed Amended Complaint also moots Defendant #8's Attorney Ms. Caitlin Wilcox May 2, 2024 Motion for Extension of Time, re her Line 7, page 2 of this Motion.

A true and correct copy of the above and foregoing, along with Exhibits 1—16 will be emailed to each of the Attorneys representing Defendants 1—9 on the attached Service List.

I certify that a true and correct copy of the above and foregoing, along with EXHIBITS 1-16 was submitted to the Clerk of the U.S. Middle District Court— Orlando Division in person, on this 13th day of May 2024.

John Daniel Smith
Pro Se Litigant
524 W. Winter Park St.
Orlando, FL 32804
407-719-6988 Telephone
floridafamilyfraud@gmail.com

**DEFENDANTS SERVICE LIST:**

Defendants 1 & 2 (Asher Knipe & Knott-Ebelini-Hart Law Firm)

Henderson, Franklin, Starnes & Holt (Attorneys for 1 & 2)
P.O. Box 280 in Fort Myers, FL 33902
Attorney Michael J. Corso
Michael.corso@henlaw.com

Defendants 3, 4, 5, 6 & 7 (Attorney Kenneth Kemp, Attorney Timothy T.
Brandon Timmy Mace, Attorney Elizabeth Bentley, Attorney Andre Patrone
& Patrone, Kemp, Bentley & Mace Law Firm)

Patrone, Kemp, Bentley & Mace (Attorneys for 3, 4, 5, 6 & 7)
12661 New Brittany Blvd.
Fort Myers, FL 33907
Attorney Brandon Mace
brandon@apatronelaw.com

Defendant 8 (Attorney James Shenko)

Office of Attorney General
Attorney Caitlin Wilcox (Attorney for 8)
3507 E. Frontage Road, Suite 150
Tampa, FL 33607
Caitlin.wilcox@myfloridalegal.com

Defendant 9 (David Lemson)

Attorney L. Reed Bloodworth
Bloodworth Law, PLLC
801 N. Magnolia Ave. Suite 216
Orlando, FL 32803
reed@lawyerfightsforyou.com