UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division Case No. <u>6:23-cv-1718-JSS-LHP</u>

Fort Myers Division Case No. <u>2:24-cv-776</u>

JOHN DANIEL SMITH,        Plaintiff,

v.

Knipe et al, *Defendants*

## <u>PLAINTIFF'S 7 SWORN OBJECTIONS TO MAGISTRATE MIZELL'</u> <u>REPORT & RECOMMENDATIONS DATED 2-5-2025</u>

1. COMES NOW, per Rule 72(b)(1) of the Fed. R. Civ. P. is Plaintiff John D. Smith's ("Plaintiff") Objections to Magistrate Mizell's Report & Recommendations ("R & R") dated 2-5-2025. Rule 72(b)(1) reads in part:

*"Findings and Recommendations. ....The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."*

## <u>PLAINTIFF'S OBJECTION #1:</u>

1. Plaintiff's first objection is that Magistrate Mizell's Report & Recommendations is inflammatory opinion, as opposed to the *"findings of fact"* that Rule 72(b)(1) requires.

2. Magistrate Mizell's first sentence in his R & R makes his opinion very clear to the reader.

*"Smith's complaint seeks to hold certain lawyers, their firms, and even the state court judge liable for the use of a trial exhibit in a defamation suit against him."*

3. Plaintiff avers that Magistrate Mizell's first sentence in his R & R demonstrates that he hasn't read Plaintiff's Amended Copyright Infringement Complaint dated May 13, 2024.

4. Had Magistrate Mizell read Plaintiff's Amended Copyright Infringement Complaint dated May 13, 2024, Magistrate Mizell would have understood the violations of the Copyright Act and the separate violations of the Digital Millenium Copyright Act of 1998 that Plaintiff has alleged against Defendants.

5. Defendants 1—7 violated the U.S. Copyright Act by their verbatim photocopying of all 350 pages of Plaintiff's Copyrighted E-Book. Defendant #8 (Judge Shenko) violating the Public Performance Rights of Plaintiff's separate Copyrighted Motion Picture DVD, without the written authorization of the Copyright Holder (Plaintiff), as required by U.S. Copyright Law.

6. To educate the District Court in general and Magistrate Mizell in particular on the facts in support of Plaintiff's allegations, Plaintiff avers that the Court should read Plaintiff's Amended Copyright Infringement Complaint dated May 13, 2024.

7. In Paragraph #9, on Page 3 of Plaintiff's Amended Complaint dated May 13, 2024, Plaintiff attested:

*"Prior to the June 20—23, 2023 Defamation Trial in Lee County Civil Case 21-CA-2959, Defendants 1 to 7 copied verbatim Plaintiff's 350 page Copyrighted E-Book of FAMILY FRAUD for mistaken Exhibit Evidence Trial Binders in mistaken Case #21-CA-6075 at least 4 times, as well as copied verbatim Plaintiff's 350 page E-Book at least 4 times, in corrected Case #21-CA-2959."*

8. Plaintiff avers that had Magistrate Mizell read Plaintiff's Amended Complaint, particularly Paragraph #9 on Page 3, Magistrate Mizell would have understood that Plaintiff's Amended Complaint was not alleging the Defendants *"used a trial exhibit"* but instead, violated Federal Copyright Law many times by photocopying all 350 pages of Plaintiff's Copyrighted E-Book. And, this conduct followed the Defendants' violations of Amazon.com's anti-piracy software Digital Rights Management (DRM) software by converting a downloaded E-Book into an electronic file that Defendants verbatim printed at least 8 separate times.

9. **ADDENDUM #1,** attached to Plaintiff's Objections is U.S. Federal
   Copyright #TX-9-186-848 of Plaintiff's 350 page E-book of FAMILY
   FRAUD.

10. **ADDENDUM #2,** attached to Plaintiff's Objections is the first 7 pages of
    Plaintiff's Copyrighted 350 page E-Book in which Defendants 1 through 7
    and Defendant #9 photocopied after illegally violating Amazon.com's
    Digital Rights Management anti-piracy software.

11. Plaintiff was given an Exhibit Trial Binder on Monday, June 5 2023 in front
    of Defendant #8 in his courtroom.  Inside it is "Defendants' Exhibit #20,"
    which were Defendants 1—7 and 9' verbatim copies of all 350 pages of
    Plaintiff's Copyrighted 350 page E-Book.

12. At the bottom of many pages in ADDENDUM #2 are labels created by the
    Defendants 1—7 and 9 showing that their verbatim copies of Plaintiff's
    Copyrighted 350 page E-book should be referenced as "Exhibit #20" at
    Trial.  They were typed as follows:

**KENNETH KEMP et al**          **Case No. 21-ca-2959**

**vs.**

**JOHN SMITH et al**            **PLTF EXH #20**

13. On Page 19 of Plaintiff's <u>Amended Copyright Infringement Complaint dated May 13, 2024</u>, Plaintiff disclosed that, because his Copyrighted 350 page E-Book was an electronic book on Amazon.com, Defendants 1—7 and 9 first had to defeat Amazon.com's **Digital Rights Management (DRM) Anti-piracy software** so that this E-Book could be physically printed on paper with ink.

14. Also, on Page 19 of Plaintiff's Amended Copyright Infringement Complaint dated May 13, 2024, Plaintiff described how Defendant #8—Judge James Shenko—violated the Public Performance Rights of Plaintiff's Registered Copyright #PA-2-431-821 by playing this 2 hour DVD at Trial, without the express, written permission of the Copyright Holder, as required by U.S. Copyright Law.

15. What the Defendants all did is akin from the **"Fruit from Poisonous Tree" Doctrine** in *Silverthorne Lumber Co. v. United States* in 1920, as coined by Justice Frankfurter in *Nardone v. United States*.

16. Ergo, Defendants cannot violate U.S. Copyright Law to manufacture "evidence" that was inadmissible without this illegal conduct.

17. Further, without this illegal "evidence," the Defendants had no case to present to the Jury.

## SUMMARY OF PLAINTIFF's OBJECTION #1

**Had Magistrate Mizell read Plaintiff's Amended Copyright Infringement
Complaint dated May 13, 2024, the Court would have had Plaintiff's
evidence of violations of the U.S. Copyright Act and separate violations of
the Digital Millenium Copyright Act of 1998 against the Defendants.**

**Magistrate Mizell stated in his 2-5-2025 Report & Recommendations
Plaintiff's Amended Complaint was regarding *"the use of a trial exhibit,"*
which is not factually true.  Magistrate Mizell's inflammatory opinion
regarding Plaintiff's Amended 5-13-2024 is not the *"findings of fact"* that
Rule 72(b)(1) requires.**

## PLAINTIFF'S OBJECTION #2:

1. At the bottom of Page #1 of Magistrate Mizell's Report &
   Recommendations dated 2-5-2025 is this Footnote:

   ***The trial yielded a substantial monetary judgment against Smith.***

2. **ADDENDUM #3** is an Order in Case 21-CA-2959 dated 3-9-2023.  This was 3
   months before the Defamation Trial.  Sentence #1 discloses *"Based on
   Plaintiff's representations that they do not intend on presenting evidence of
   compensatory damages, Mr. Smith's Motion is Denied."*

3. ADDENDUM #3 discloses that in the Defamation Case #21-CA-2959,

Plaintiff's admitted they suffered no damages as a result of Mr. Smith's

Copyrighted 350 page E-Book and 2 hour Motion Picture Videodisk.

## SUMMARY OF PLAINTIFF OBJECTION #2

**Magistrate Mizell's footnote at the bottom of Page #1 of his Report & Recommendations dated 2-5-2025 failed to disclose the Appeal filed by Plaintiff's Pro Bono Appellate Attorney Scott Siverson (Bar #58289). This is**



**Appellate Case #6D2023-3209. Rule 72(b)(1) requires a Magistrate make *Statements of Fact*, and not opinion. Magistrate Mizell also has a duty under Canon 3 to be impartial. If Magistrate Mizell felt the need to describe the "substantial" judgement of $7 dollars in monetary damages and $1.3 Million in punitive damages, he had an impartial duty to acknowledge the legal deficiencies of the disparity between the two:**

Private defamation plaintiff who establishes liability of publisher or broadcaster without proof of "actual malice" may recover only such damages as are sufficient to compensate for actual injury (in which there was none, disclosed by Defendants 3 months before Trial).

Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974)

Punitive damages must be proportionate to the actual harm inflicted on the plaintiff. (which doesn't exist due to the Defendants acknowledgements that they weren't damaged). $1.3 million punitive vs. $7 isn't proportionate.

Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 921 So. 2d 43 (Fla. Dist. Ct. App. 2006)

## PLAINTIFF'S OBJECTION #3:

1. Plaintiff objects to Magistrate Mizell's lack of veracity in the following statement on Page 1 of his R & R: *"The Defendants have filed motions to dismiss that Smith failed to answer." (Docs 62, 64, 66 & 78.)*

- **Doc 62** refers to a Motion to Dismiss filed May 28, 2024 by Attorney T. Brandon Mace, Attorney for Defendants 3,4,5,6 & 7

- **Defendant Mace filed a substantially similar Motion to Dismiss on November 20, 2023** (Doc 21) **which Plaintiff answered on December 13, 2023** (Doc 31).

- **Doc 64** refers to a Motion to Dismiss filed May 28, 2024 by Attorney L. Reed Bloodworth, Attorney for Defendant #9 David Lemson.

- **Defendant Lemson filed a substantially similar Motion to Dismiss on November 20, 2023** (Doc 23), **which Plaintiff answered on December 13, 2023** (Doc 33).

- **Doc 66** refers to a Motion to Dismiss filed May 30, 2024 by Attorney Michael Corso, Attorney for Defendants #1 & 2.

- **Plaintiff answered Doc 66 on June 4, 2024. See Doc 71. Given the Court in general and Magistrate Mizell in particular' failure to read Plaintiff's <u>Amended Complaint dated May 13, 2024</u>, it is no surprise for**

**Plaintiff that Magistrate Mizell's R & R dated 2-5-2025 falsely stated Plaintiff had not responded to Docs 62, 64, 66 & 78.**

- **Doc 78** refers to a Motion to Dismiss filed June 14, 2024 by Attorney Caitlin Wilcox, Attorney for Defendant #8, Judge James Shenko.

- **On July 9, 2024 the Court—Orlando Division rendered Doc 78 "Moot" along with substantially similar Doc 72.**

## SUMMARY OF PLAINTIFF OBJECTION #3

Canon 2A of the Judicial Code of Conduct states *"Judges should act in a manner that promotes public confidence in the integrity and impartiality of the judiciary."* By falsely stating in the first paragraph of his 2-5-2025 Report and Recommendations that Plaintiff had *"failed to answer"* Docs 62, 64, 66 & 78, when in fact, Plaintiff answered 3 of 4, while the Orlando Division dismissed the 4th, Plaintiff has been prejudiced by Magistrate Mizell's lack of impartiality.

## PLAINTIFF'S OBJECTION #4:

1. In Magistrate Mizell's 2-5-2025 Report & Recommendations, he wrote *"And Smith failed to appear for a duly noticed status conference."*

2. ADDENDUM #5 is Plaintiff's timely filed response to the Court's December 4, 2024 "Show Cause" Order dated December 24, 2024 **(Doc**

**119).**  On Page 1, Paragraph #2, Plaintiff disclosed that Court's reliance on correspondence to him sent by first class mail without tracking was fraught with proof of service problems.

3.  Plaintiff avers that the US Postal Service can be overwhelmed at times, particularly around Presidential Elections such as what just occurred. When the Court mails correspondence without tracking, there is no evidence that it was even sent, nor is there a way to track first class postage.

4.  In Plaintiff's ADDENDUM #5, Sentence #11 on Page 3, Plaintiff stated that none of the Defendants had complied with Rule 26(f).  Rule 26(f) of the Fed. R. of Civ. P. requires all parties to meet at least 21 days before a conference.  Given the December 4, 2024 "Status Conference," the 9 Defendants were required to "confer" with Plaintiff 21 days prior, or approximately on November 13, 2024, however this did not occur.

5.  In Plaintiff's ADDENDUM #5, Sentence #15 on Page 3, Plaintiff also referenced Magistrate Leslie Hoffman-Price's May 31, 2024 ORDER stating that (9) ***"If a hearing is set, the litigants shall file a joint notice two days before the hearing certifying** ongoing conferral and stating which issues, if any, had been resolved."*

6. As Plaintiff wrote in Sentence #16 on Page 4 of ADDENDUM #5, none of the 9 Defendants filed this required notice with the Court.

7. Plaintiff seeks to educate the Court in general and Magistrate Mizell in particular that all 9 Defendants live in Fort Myers, within 10 miles of the Federal Courthouse, so it is easy for them to travel to it <u>in minutes.</u>

8. **In contrast, Plaintiff lives over 4 hours from the Fort Myers Federal Courthouse.** It is not easy nor convenient for indigent Plaintiff to travel to Fort Myers, particularly when Rule 26(f) requires 21 days advance "conferring" between parties, and all 9 Defendants ignored this Rule.

9. Despite the convenience afforded them by the Court's decision to transfer Venue to the Fort Myers Division, NOT ONE of the 9 Defendants, including esteemed Judge Shenko, could be bothered to comply with Fed. R. Civ. P. Rule 26(f) and *"confer"* with Plaintiff on November 14, 2024 regarding the December 4, 2024 Status Conference, as required.

10. Further, the Court has chosen to fault Plaintiff for not being aware of this December 4, 2024 Status Conference, despite:

A) **The Court has chosen not to mail communications securely, such as with tracking (UPS Ground) or via USPS Certified Mail;**

**B)** **The Court has refused to give Plaintiff the same equal access to electronic filing as enjoyed by all 9 Defendants. The electronic filing system automatically gives parties the ancillary benefit of email notifications.**

**C)** **The Court has chosen to chastise Plaintiff in its 2-5-2025 Report and Recommendations without admitting that the 9 total Defendants failed to *"confer"* with Plaintiff 21 days before the December 4, 2024 Status Conference, when such *"conferring"* would have made Plaintiff aware of it, since the Court's chosen reliance on standard US Mail postage has proven to be fallible.**

## <u>SUMMARY OF PLAINTIFF'S OBJECTION #4:</u>

Plaintiff objects to the Court in general and Magistrate Mizell in particular's selective enforcement of the Fed. R. Civ. P Rules such as Rule 26(f). Despite Plaintiff's timely-filed <u>Response to the Show Cause Order dated December 24, 2024</u>, Magistrate Mizell failed to acknowledge the failures of all 9 Defendants, most of whom are lawyers, to *"confer"* with Plaintiff prior to the December 4, 2024 status conference, as required by Rule 26(f). Plaintiff objects to the Court chastising Plaintiff for being unaware of this December 4, 2024 status conference,

when its enforcement of Rule 26(f) would have resulted in the 9 Defendants

informing Plaintiff of this December 4, 2024 court conference date.

## PLAINTIFF'S OBJECTION #5:

1. In his 2-5-2025 Report & Recommendations, Magistrate Mizell stated that

   Plaintiff had filed an *"unsworn response"* on December 24, 2024. Plaintiff

   objects to Magistrate Mizell's sub rosa inference that Plaintiff was required

   to file a *"sworn response,"* but did not.

2. Plaintiff has not learned of any specific Rule in the Fed. R. Civ. P. requiring

   court responses to be *"sworn."* If this were indeed required by Rule, and

   also if Rules were enforced equally against all parties, then all 9 Defendants'

   responses from 2023 to 2025 would be vacated on their face, since none of

   Defendant's many, many, many Motions from 2023—25 have been sworn.

3. Plaintiff has not located any rules in the Fed. R. Civ. P. that require his

   responses to Show Cause Orders to be *"sworn responses,"* with either an A)

   Signature or B) Signature Notarization.

4. Plaintiff avers that Rules should not be one-sided. In other words, if

   Plaintiff's responses are required to be *"sworn responses,"* so too would

   ALL responses of Defendants going back to September of 2023.

5. In the words of 20th Circuit Court Judge Alane C. Laboda in December of

   2022, *"What is good for the Goose should be good for the Gander."*

6. If Magistrate Mizell seeks to criticize Plaintiff for failing to file *"sworn*

   *responses,"* in his 2-5-2025 Report & Recommendations, Canon 3 requires

   him to act impartially and equally chastise all 9 Defendants for their equal

   failures to file *"sworn responses."*

## SUMMARY OF PLAINTIFF'S OBJECTION #5:

The Fed. R. Civ. P. Rules should be enforced against Plaintiff and Defendants,

equally.  Plaintiff objects to Magistrate Mizell's characterization of Plaintiff's

*"unsworn responses,"* while failing to admit that all of Defendants responses have

been equally unsworn.

## PLAINTIFF'S OBJECTION #6:

1. Canon 3(C)(1)(a)(b) of the Judicial Code of Conduct states:

   ***"A judge shall disqualify himself or herself in a proceeding in which the***
   ***judge's impartiality might reasonable be questioned, including but not limited***
   ***to instances in which (a) the judge has a personal bias or prejudice***
   ***concerning a party, or (b) a lawyer with whom the judge previously practiced***
   ***law served during such association as a lawyer concerning the matter."***

2. Plaintiff objects to the lack of impartiality that appears to exist with

   Magistrate Nicholas Mizell.  This Magistrate has demonstrated his bias

   against Plaintiff by:

14 | P a g e

1. This Magistrate has demonstrated a bias against Plaintiff by failing to read Plaintiff's Amended Copyright Infringement Complaint dated May 13, 2024, when such edification would have allowed the Magistrate to see the specific instances of outrageous Copyright Infringement that Plaintiff has alleged against each of the Defendants, and in which the attached evidence, such as the first 7 pages of "Exhibit #20" in ADDENDUM #2 are photocopies taken from Defendants 1—7 and 9's Evidence Trial Binders in the Defamation Case #21-CA-2959.

   Indicative of the Magistrate's bias towards Plaintiff, in his 2-5-2025 Report & Recommendations, Magistrate Mizell stated that this wasn't a matter involving Copyright Infringement, but regarding *"the use of a trial exhibit in a defamation suit against him"* which was false and untrue.

2. This Magistrate has demonstrated a bias against Plaintiff by writing in his 2-5-2025 Report & Recommendations that *"the trial yielded a substantial monetary judgement against Smith,"* but failing to disclose that the matter is on Appeal before the 6th DCA in Case 6D2023-3209. Magistrate Mizell also failed to disclose that **A)** Defendants admitted 3 months before the trial that they hadn't suffered any damages; **B)** The disparity between the $7 dollars in monetary damages and the $1.3 Million in punitive damages contradicts **C)** Case Law as shown in Plaintiff's Objection #2 on Page 7 requiring Punitive damages must be **proportionate** to the actual harm inflicted on the plaintiff, so a Plaintiff that acknowledges they suffered no damages would not have qualified for any punitive damages like a $1.3 Million punitive damages jury award.

   *("We the jury seek to PUNISH Plaintiff for not causing any damages to the Defendants. Indigent Plaintiff should pay wealthy attorneys $1.3 Million for not causing them any damages.")*

3. This Magistrate has demonstrated a bias against Plaintiff for failing to immediately correct the violations to Canon 2A of the Judicial Code of Conduct, as committed by his fellow Magistrate Leslie Hoffman-Price on September 26, 2023.

4. Canon 2A reads:

*"An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the Judge's honesty, integrity, etc. is impaired.  A Judge must avoid all impropriety and appearance of impropriety."*

5. The District Court has demonstrated a bias against Plaintiff by failing to correct the violations to Canon 2A which occurred in Magistrate Leslie Hoffman-Price's issued September 26, 2023 ORDER.  In it, Magistrate Hoffman-Price denied Plaintiff's application for In Forma Pauperis by falsely stating Plaintiff's Florida Driver's license featured his social security number.  SEE ADDENDUM #3.  Magistrate Hoffman-Price then used the false evidence that she manufactured to sabotage Plaintiff's indigency application in September of 2023 and to sabotage his Motion for In Forma Pauperis again on June 24, 2024 in **Doc 82.**

6. In Plaintiff's timely-filed <u>Response to Show Cause Order dated December 24, 2024</u> in ADDENDUM #5, on Page #8 Paragraph #3, Plaintiff encouraged Magistrate Mizell to correct these Canon 2A violations, **<u>but nothing was done.</u>**  Plaintiff avers that the Court's failure to immediately correct these Canon 2A violations demonstrates their lack of impartiality towards Plaintiff.

7. Plaintiff is puzzled HOW Magistrate Leslie Hoffman-Price of the Orlando Division could have viewed Plaintiff's Florida Driver's License and then issued an ORDER on September 26, 2023 in which she falsely claimed there was a Social



Security Number on it?  Shouldn't Magistrate Judges comply with the Canons of Judicial Conduct and set an example for the public to follow?  Plaintiff avers that Magistrate Hoffman-Price's conduct, along with that of her successor Magistrate Mizell erodes the Canon 2-required public confidence in the integrity and impartiality of the Judiciary, when they fail to immediately correct the fraud and false evidence of the first Magistrate on 9/26/2023.

## PLAINTIFF'S OBJECTION #7:

1. As Plaintiff aforementioned in Objection #6, Canon 3(C)(1)(a)(b) of the

    Judicial Code of Conduct states:

    *"A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonable be questioned, including but not limited to instances in which (a) the judge has a personal bias or prejudice concerning a party, or (b) a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter."*

2. Plaintiff has been trying to determine why Magistrate Mizell's <u>2-5-2025 Report & Recommendations</u> lacks the impartiality required in Canon 3 of the Judicial Code of Conduct.

3. Magistrate Mizell's 2-5-2025 Report & Recommendations makes his bias against Plaintiff clear. He is dismissive of Plaintiff's Copyright Infringement Complaint and has decided it is solely about a *"trial exhibit."* He boasts about a *"substantial"* money judgement against Plaintiff, while failing to disclose that the Appellate Court may decide the *"substantial"* judgment was unconstitutional or moot. Magistrate Mizell also failed to describe the Rule 26(f) responsibility of all 9 Defendants to confer with Plaintiff 21 days prior to the December 4, 2024 Status Conference in Fort Myers. Despite all 9 failing to abide by 26(f), in Magistrate Mizell's Report, ALL responsibility for knowing about this December 4, 2024 Status

Conference rested on the Court's using non-tracked mailing methods to inform Plaintiff, when e-mail is infallible and easy to prove receipt.

4. Given Magistrate Mizell's obvious bias and lack of impartiality in violation of Canon 3 to the detriment of Plaintiff, Plaintiff thought there was *"more to the story"* as **Journalist Paul Harvey** used to opine.

5. Plaintiff read Magistrate Mizell's bio at https://www.flmd.uscourts.gov/judges/nicholas-mizell and learned he worked at Cheffy Passidomo in Naples, Florida from 2010 to 2019.

6. After Plaintiff sought to learn more about Magistrate Mizell on Google, Plaintiff was surprised to learn that on Tuesday, August 23, 2016, in the 20th Judicial District in Lee County, Florida, both Attorney Nicholas P. Mizell and Attorney Kenneth E. Kemp II, a Defendant in this case, were in a 9:15 am hearing that day, side-by-side. Please see **ADDENDUM #6.**

7. Plaintiff was unaware that Magistrate Mizell and Defendant Kemp knew each other and were potential work colleagues in 2016.

8. Given Canon 3(C)(1)(a)(b) of the Judicial Code of Conduct, Plaintiff avers that Magistrate Mizell should have underlined disclosed the potential impartiality conflict that could exist, given his participation in this Judge Brodie Hearing with Defendant Attorney Kemp, on August 23, 2016.

9. Plaintiff avers that this 2016 hearing could simply be innocuous and a coincidence.

10. Alternatively, perhaps Magistrate Mizell and Attorney Kemp know each other well, socialize, play golf, go yachting together, etc.

11. Regardless of the personal or working relationship that may or may not exist between them, Plaintiff avers that per Canon 3(C)(1)(a)(b) of the Judicial Code of Conduct, there should have been a disclosure by Magistrate Mizell to eliminate the doubt and per Canon 3, encourages the public's confidence in the impartiality and integrity of the Judicial system.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing 7 Objections to Magistrate Mizell's

2-5-2025 Report & Recommendations was timely filed by Plaintiff on Friday,

February 14, 2025 via UPS Ground Shipping to the Fort Myers Division and to the

11th DCA by:

*JCD. Smith, sworn under penalty of perjury on 2/14/25*

John Daniel Smith
Pro Se Indigent Plaintiff
524 W. Winter Park St.
Orlando, FL 32804
407-719-6988 Telephone
floridafamilyfraud@gmail.com

**TO:**

US Middle District Court
Fort Myers Division
2110 First Street
Fort Myers, FL 33901
**UPS Next Day Air:** (arriving February 17, 2025)

Violations of Canons of Judicial Conduct Complaint to:
Judicial Conference of the United States, c/o
US Middle District Court
Orlando Division
401 W. Central Blvd.
Orlando, FL 32801
**UPS Ground:** (arriving February 18, 2025)

## DEFENDANTS SERVICE LIST, via email on 2/14/2025:

Defendants 1 & 2 (Asher Knipe & Knott-Ebelini-Hart Law Firm)
Henderson, Franklin, Starnes & Holt (Attorneys for 1 & 2)
P.O. Box 280 in Fort Myers, FL 33902
Attorney Michael J. Corso
Michael.corso@henlaw.com

Defendants 3, 4, 5, 6 & 7 (Attorney Kenneth Kemp, Attorney Timothy T. Brandon Timmy Mace, Attorney Elizabeth Bentley, Attorney Andre Patrone & Patrone, Kemp, Bentley & Mace Law Firm)
Patrone, Kemp, Bentley & Mace (Attorneys for 3, 4, 5, 6 & 7)
12661 New Brittany Blvd.
Fort Myers, FL 33907
Attorney Brandon Mace
brandon@apatronelaw.com

Defendant 8 (Attorney James Shenko)
Office of Attorney General
Attorney Caitlin Wilcox
3507 E. Frontage Road, Suite 150
Tampa, FL 33607
Caitlin.wilcox@myfloridalegal.com

Defendant 9 (David Lemson)
Attorney L. Reed Bloodworth
Bloodworth Law, PLLC
801 N. Magnolia Ave. Suite 216
Orlando, FL 32803
reed@lawyerfightsforyou.com