UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN DANIEL SMITH,

    Plaintiff,

v.                                Case No.: 2:24-cv-776-JLB-NPM

ASHER KNIPE, KENNETH KEMP,
TIMOTHY MACE, ELIZABETH
BENTLEY, JAMES SHENKO AND
DAVID LEMSON,

    Defendants.
_____/

### DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

Defendants jointly and respectfully, by and through their undersigned counsels, and pursuant to Fed.R.Civ.P. 72(b)(2), hereby respond to Plaintiff's Objections [ECF No. 122] to Magistrate Judge Nicholas P. Mizell's Report and Recommendations [ECF No. 121], and state as follows:

### PROCEDURAL HISTORY

1. Plaintiff John Daniel Smith, *pro se*, filed an Amended Complaint on May 13, 2024, accusing his brother-in-law, two law firms, four attorneys, and a circuit court judge of violating federal copyright laws. ECF No. 59.

2. All Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. See ECF No. 62, 64, 66, and 78.

3. Plaintiff did not file a response to Defendants, Kenneth E. Kemp, II, Esq., Timothy B. Mace, Esq., Elizabeth Bentley, Esq., and Patrone, Kemp, Bentley & Mace, P.A.'s, Motion to Dismiss Amended Complaint filed on May 28, 2024. ECF No. 62.

4. Plaintiff did not file a response to Defendant, David Lemson's, Motion to Dismiss Plaintiff's Amended Complaint filed on May 28, 2024. ECF No. 64.

5. Plaintiff did not file a response to Defendant, Judge James Shenko's, Amended Motion to Dismiss Amended Complaint. ECF No. 78.

6. Plaintiff did not file a response to Defendants, Kenneth E. Kemp, II, Esq., Timothy B. Mace, Esq., Elizabeth Bentley, Esq., and Patrone, Kemp, Bentley, & Mace, P.A.'s Amended Motion to Dismiss Amended Complaint and Motion to Transfer Venue(1). ECF No. 66.

7. Plaintiff failed to appear at a Status Conference held in Fort Myers, Florida Federal Courthouse, Courtroom 5-C, on December 4, 2024, at 1:30 PM.

8. Notice of the December 4, 2024, Status Conference hearing was mailed to Plaintiff at his address of record on November 21, 2024.

---

1 Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint before conferring with Plaintiff, pursuant to Local Rule 3.01(g). [ECF No. 63]. Defendants filed an Amended Motion to Dismiss Plaintiff's Amended Complaint once they were able to confer with Plaintiff, pursuant to Local Rule 3.01(g). ECF No. 66. Plaintiff filed two motions in response to the initial Motion to Dismiss [ECF No. 63] because Defendants did not confer with Plaintiff in advance of filing the Motion: Plaintiff's Motion to Strike Defendants' Motion to Dismiss [ECF No. 67] and Plaintiff's Motion to Deny without Prejudice Defendants' Motion to Dismiss [ECF No. 71]. On July 15, 2024, the Court entered an endorsed Order denying as moot both motions.

9. Following Plaintiff's failure to appear at the Status Conference, Plaintiff was ordered to show cause why he should not be sanctioned for failing to appear at the status conference. ECF No. 109.

10. Plaintiff mailed his Response to the Order to Show Cause, which was filed on December 26, 2024. ECF No. 119

11. In his Response, Plaintiff argued that he did not receive a copy of the Notice in the mail. ECF. No 119 at 1-2.

12. The return address on the envelope Plaintiff used to mail his Response to Order to Show Cause matches the address the Court used to send Plaintiff notice of the Status Conference. ECF No. 119-2.

13. The Show Cause Order, which Plaintiff responded to, was also mailed to the same address. See ECF No. 121 at 2-3.

14. Moreover, the Notice of Status Conference was not returned as undeliverable. *Id.* at 3.

15. The Report and Recommendation ("R&R") concluded that: Plaintiff failed to prosecute this action diligently; Plaintiff's excuse for failing to appear at the Status Conference did not appear credible; and Plaintiff failed to answer the Defendants' Motions to Dismiss Plaintiff's Amended Complaint. ECF No. 121.

16. Accordingly, the R&R recommended the Amended Complaint should be dismissed without prejudice, all pending Motions should be terminated, all

scheduled events should be canceled, and that the Case should be closed.

17. Plaintiff filed Objections to the R&R on February 18, 2025. ECF No. 122.

18. However, Plaintiff's Objections ("Objections") do not undermine the findings of the R&R.

19. As the Objections provide no basis for rejecting the R&R, Plaintiff's Objections should be overruled and the R&R adopted and confirmed in its entirety.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Hatmaker v. Liberty Mutual Fire Insurance Company*, 308 F. Supp. 2d 1308 (M.D. Fla. 2004)(stating that a district judge must review Magistrate Judge's legal conclusions de novo); *Gropp v. United Airlines*, 817 F. Supp. 1558, 1561 (M.D. Fla. 1993)(when a party makes a timely objection to a Report and Recommendation of a Magistrate Judge's determination, such determination is subject to de novo review by the district court); *Lewis v. Barnhart*, 285 F.3d 1329 (11th Cir. 2002)(legal conclusions of a magistrate judge

are reviewed de novo). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

## ARGUMENT

**I. The Undisputed Facts Demonstrate the Plaintiff Failed to Prosecute This Action.**

Judge Mizell's R&R recommending Plaintiff's Amended Complaint be dismissed without prejudice for failure to prosecute this action diligently should be adopted in its entirety as it was clearly supported by the record and law. As demonstrated by the facts, Plaintiff failed to appear at a Status Conference held in Fort Myers, Florida Federal Courthouse, Courtroom 5-C, on December 4, 2024, at 1:30 PM. The record further shows that Plaintiff failed to answer the Motions to Dismiss Plaintiff's Amended Complaint filed by the Defendants (ECF No. 62, 64, 66, and 78).

Plaintiff's failure to file a response to Defendants' Motions to Dismiss Plaintiff's Amended Complaint is an objective fact supported by the record. Plaintiff does not dispute this fact. Rather, in his third objection, Plaintiff merely states that he filed responses to Defendants' Motions to Dismiss his initial complaint, which does not negate the fact that he failed to file a response to the Motions to Dismiss Amended Complaint.

Likewise, Plaintiff does not deny that he failed to appear at the Status

Conference. Notice of the December 4, 2024, Status Conference was mailed to Plaintiff at his address of record on November 21, 2024. The Notice of Status Conference was not returned as undeliverable. ECF No. 122 at 3.

Following Plaintiff's failure to appear at the Status Conference, Plaintiff was ordered to show cause why he should not be sanctioned for failing to appear at the Status Conference. ECF No. 109. In his Response and later in his Objections, Plaintiff argued that he did not receive a copy of the Notice in the mail. ECF. No 119 at 1-2 and ECF No. 122 at 9-12. However, the return address on the envelopes Plaintiff used to mail his Response to the Order to Show Cause and his Objections to the R&R match the address the Court used to send Plaintiff Notice of the Status Conference. ECF No. 119-2 and DCF No. 122-2. Moreover, the Show Cause Order, which Plaintiff filed a Response to, was also mailed to the same address. *See* ECF No. 121 at 2-3. Accordingly, the R&R, concluded that Plaintiff's excuse for failing to appear did not appear credible. ECF No. 121.

Because Plaintiff's Objections provide no basis for rejecting the R&R, Plaintiff's Objections should be overruled and the R&R adopted and confirmed in its entirety.

II. **Plaintiff's Objections do not Undermine the Findings of the Report and Recommendation.**

Plaintiff makes several Objections. However, none of Plaintiff's Objections undermine the only issue under consideration in the R&R, i.e., whether Plaintiff failed to prosecute this case.

For example, in his first Objection, Plaintiff takes umbrage with the characterization of his Amended Complaint as seeking "to hold certain lawyers, their firms, and even the state court judge liable for the use of a trial exhibit in a defamation suit against him" [ECF No. 121 at 1] before regurgitating the same allegations made in the Amended Complaint. ECF No. 122 at 1-6. This Objection is irrelevant as the Amended Complaint is not being dismissed for failing to state a claim. Rather, Judge Mizell's R&R recommends Plaintiff's Amended Complaint be dismissed without prejudice for failure to prosecute this action diligently. Likewise, Plaintiff's Second Objection complains of a footnote stating that, "the trial yielded a substantial monetary judgment." ECF No. 122 at 6 (citing ECF No. 121 at 1). This footnote is immaterial to Judge Mizell's finding that Plaintiff failed to prosecute this action diligently.

Because Plaintiff's arguments are not material to the findings in the R&R, it does not need to be considered by this Court or addressed further by Defendants herein. *See Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019) (explaining that "objections to a magistrate judge's recommendation and report must be 'specific' and 'clear enough to permit the district court to effectively review the magistrate judge's ruling'") (quoting *U.S. v. Shultz*, 565 F.3d 1353, 1360 (11th Cir. 2009)); *accord Michael Tran v. Nomad Grp. LLC*, 2023 U.S. Dist. LEXIS 88249, at *21 (M.D. Fla. May 19, 2023) (finding the "objections are general and non-specific and do not provide a basis for this Court to reject the magistrate judge's factual findings and conclusions").

**WHEREFORE**, Defendants Asher Knipe, Esq., Knott – Ebelini – Hart Law Firm, Judge James Shenko, and David Lemson, request that this Court adopt the Report and Recommendation (ECF No. 121) recommending dismissal of the Amended Complaint.

**Dated: March 4, 2025**

**Respectfully submitted,**

|  | By: /s/Michael J. Coros, Esq. |
|---|---|
|  | Michael J. Corso, Esq. |
|  | Florida Bar No.: 0228729 |
|  | HENDERSON, FRANKLIN, STARNES & HOLT, P.A. |
|  | Post Office Nox 280 |
|  | Fort Myers, FL 33902-0280 |
|  | Telephone: (239) 344-1170 |
|  | Michael.corso@henlaw.com |
|  | Debbie.ondrejack@henlaw.com |
|  | *Attorney for Defendants Asher Knipe, Esq., and Knott – Ebelini – Hart Law Firm* |
| JAMES UTHMEIER | By: /s/ L. Reed Bloodworth |
| ATTORNEY GENERAL | L. Reed Bloodworth |
| /s/ Caitlin Wilcox | Florida Bar Number 0022033 |
| Caitlin Wilcox | msmith@careyomalley.com |
| Assistant Attorney General | Angela M. Covington |
| Florida Bar No.: 111815 | Florida Bar No.: 718491 |
| Office of the Attorney General | Bloodworth Law, PLLC |
| 3507 E. Frontage Road, Suite 200 | 801 N. Magnolia Ave., Ste. 216 |
| Tampa, Florida 33607 | Orlando, FL 32803 |
| T-(813)233-2880; F-(813)281-1859 | Office: (407) 777-8541 |
| Caitlin.Wilcox@myfloridalegal.com | Primary: Reed@LawyerFightsForYou.com |
| Christina.Santacroce@myfloridalegal.com | Secondary: AAcedo@LawyerFightsForYou.com |
| Alicia.Wooten@myfloridalegal.com | *Attorneys for Defendant David Lemson* |
| *Attorney for Defendant Judge Shenko* |  |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to those persons capable of receiving such notices of electronic filing. I further certify that a true and correct copy of the foregoing was sent by U.S. mail to Plaintiff, pro se, John Daniel Smith, 524 W Winter Park St., Orlando, FL 32804.

/s/Caitlin Wilcox
Caitlin Wilcox