UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN DANIEL SMITH,

    Plaintiff,

v.                          Case No.:    2:24-cv-776-JLB-NPM

ASHER KNIPE, et al.,

    Defendants.
_____/

## ORDER

Plaintiff John Daniel Smith sues Defendants, asserting claims under the Digital Millennium Copyright Act and federal copyright law, following a Florida State Court case where Plaintiff's 350-page book and two-hour video were used as exhibits. (Doc. 59). On February 5, 2025, the United States Magistrate Judge entered a Report and Recommendation that this action should be dismissed because Plaintiff has failed to prosecute this action diligently (the "Report"). (Doc. 121). Plaintiff filed an objection to the Report on February 18, 2025 (Doc. 122), and Defendants filed a joint response to the objection (Docs. 123 & 124). After an independent review of the entire record, the Report, and the parties' briefing, the Court **OVERRULES** Plaintiff's objection (Doc. 122) and **ADOPTS** the Magistrate Judge's Report in full (Doc. 121). This case is **DISMISSED without prejudice** for failure to prosecute as set forth in this Order.

## BACKGROUND

Mr. Smith seeks to sue five attorneys, two law firms, a witness, and a judge in his Florida State Court case, *Kemp, et al., v. Smith, et al.*, Case No. 21-CA-2959 (Fl. 20th Circ. Ct.). (Doc. 59). In the underlying case, Mr. Smith was sued for defamation after creating a two-hour video titled "Family Fraud: Getting Away with IRS Tax Evasion" (the "DVD") and a 350-page book titled "Family Fraud" (the "Book"). (*See id.*). The DVD and Book alleged that Mr. Smith was wrongly "cut out of" his father's $30 million estate in an elaborate conspiracy that included the forging of Mr. Smith's signature. (*Id.* at 14). The plaintiffs in the state court case used the DVD and Book as evidence during the trial. Mr. Smith was ultimately found liable. Mr. Smith now brings this action, arguing that the state court plaintiffs' use of the DVD and Book violated the Digital Millennium Copyright Act and federal copyright law.

Mr. Smith initially brought this action in the Orlando Division of the Middle District of Florida on September 20, 2023. (Doc. 1). The Court then transferred the action to the Fort Myers Division because the Defendants reside there. (Doc. 95).

On November 21, 2024, this Court issued a notice of hearing for a status conference to be held on December 4, 2024. (Doc. 106). The Court mailed a copy of the notice to the address that Mr. Smith provided to the Court. That address is the same return address Mr. Smith had used in his mailings to this Court. (*See e.g.*, Docs. 59 at 36, 97-1 at 2, 103-1, 119-2).

Mr. Smith did not appear at the December 4 status conference. The Magistrate Judge issued an order to show cause for Mr. Smith to demonstrate why he should not be sanctioned for failing to appear. (Doc. 109). That show cause order was mailed to the same address to which the Court sent the notice of hearing.

Mr. Smith filed a response to the show cause order stating that "[c]orrespondence from the Court is sent with no tracking, not certified, not return receipt, only with first-class metered postage." (Doc. 119 at 1). He concludes that there is "no way to verify" that the Court sent him the notice of hearing and further blames the Court for not sending him email notifications. (*Id.* at 1–2). Additionally, Plaintiff stated that in October 2023, he moved for permission to file electronically via the CM/ECF system, which he claims the Court denied. (*Id.* at ¶¶ 8, 9). The Court failed to identify any such motion filed in October 2023. Mr. Smith then filed a supplement to his response to inform the Court that he filed a judicial misconduct claim against the Magistrate Judge who was previously assigned to this case in Orlando. (Doc. 120).

The current Magistrate Judge assigned to this case filed the Report, recommending that this case should be dismissed for Mr. Smith's failure to prosecute based on his failure to appear at the status conference and lack of a compelling explanation excusing his absence. (Doc. 121). Mr. Smith filed an objection (Doc. 122), and Defendants filed a response (Docs. 123 & 124).

## STANDARD OF REVIEW

District judges may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). District judges must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Courts liberally construe a pro se plaintiff's pleadings. *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022).

## DISCUSSION

In his Report, the Magistrate Judge reasoned that Mr. Smith has failed to prosecute this action due to his failure to appear at a status conference, lack of a compelling reason for his absence, and his failure to respond to Defendants' motions to dismiss. (Doc. 121). The Magistrate Judge stated that the notice of hearing was mailed to Mr. Smith's address of record, which he has used as a return address when sending documents to the Court. (*Id.* at 1). Thus, he contends that Mr. Smith's excuse that the Court did not mail the notice of hearing was unpersuasive, and this case should be dismissed without prejudice for failure to prosecute. (*Id.* at 2).

After an independent review of the entire record and upon consideration of the Report, Mr. Smith's objections, and Defendants responses, the Court finds that Mr. Smith's objections are due to be **OVERRULED**, and the Magistrate Judge's well-reasoned Report is **ADOPTED**.

Mr. Smith raises seven (7) objections to the Magistrate Judge's Report. (Doc. 122). Many of those objections are irrelevant to the narrow issue here. The question before the Court is whether Plaintiff should be excused for failing to appear at the status conference on December 4, 2024, and whether he has failed to prosecute this case. Mr. Smith's objections overwhelmingly ignore these questions. The Court will discuss them anyway.

Notably, Objections 1 and 2 accuse the Magistrate Judge's Report of being inflammatory by incorrectly stating that Mr. Smith received a large judgment against him in the Florida state court. (Doc. 122 at 1–7). These arguments are irrelevant to Mr. Smith's failure to follow Court Orders or respond to Defendants' motions to dismiss. As such, both objections are overruled.

Objection 3 focuses on Mr. Smith's failure to respond to the pending motions to dismiss. (Doc. 122 at 8–12). Defendants filed motions to dismiss (Docs. 21, 22, & 23), Mr. Smith responded to those motions (Docs. 31, 32, & 33), and the Court ruled (Docs. 48 & 52). The Court ordered Mr. Smith to file an amended Complaint (Doc. 52), which he did (Doc. 59). The Defendants have now filed motions to dismiss the amended Complaint. (Docs. 62, 64, & 66). Mr. Smith now contends that his *prior* responses to the motions to dismiss his original complaint should carry over to the pending motions to dismiss his amended complaint. (Doc. 122 at 8–9). They do not because the pending motions to dismiss address the amended complaint, not his original complaint. Simply stated, Mr. Smith has failed to respond to the pending

5

motions to dismiss his amended complaint, demonstrating a lack of interest in prosecuting this case on its merits. Accordingly, Objection 3 is overruled.

Objections 4 and 5 focus on Mr. Smith's failure to appear at the status conference and his failure to file a sworn response. (Doc. 122 at 9–14). In Objection 4, Mr. Smith blames the U.S. Postal Service for being overwhelmed and the Court for mailing correspondence without tracking. (*Id.* at 10). Additionally, he blames Defendants for violating Federal Rule of Civil Procedure 26(f) because they did not confer with him 21 days before the December 4, 2024, status conference. (*Id.*).

However, Mr. Smith fails to identify any requirement for the Court to use postal tracking services when mailing hearing notices. He advances an unsupportable excuse that this Court should have used tracking services because the postal service is overwhelmed. Importantly, the Federal Rules of Civil Procedure provide that service by first-class mail is an acceptable method of service and there is no requirement to provide tracking services. *See, e.g.*, Fed. R. Civ. P. 4 (allowing service by first-class mail for requesting a waiver). The bottom line is that Mr. Smith advances an unsupported argument that, because this Court did not use postal tracking services when mailing the notice to the December 4, 2024, status conference hearing, he must not have received it. But Mr. Smith submitted no evidence supporting his argument. It is simply his conjecture.

Mr. Smith's Rule 26(f) argument also fails. Importantly, Rule 26(f) governs scheduling a conference relating to discovery. *See* Fed. R. Civ. P. 26(f). The hearing in this case on December 4, 2024, was a status conference for the Magistrate Judge

6

to meet with the parties following the case transfer from the Orlando Division to the Fort Myers Division. Therefore, Mr. Smith's accusation that Defendants violated Rule 26(f) is unavailing. Objections 4 and 5 are overruled.

Objections 6 and 7 accuse the Magistrate Judges, both the current Fort Myers Judge and the previous Orlando Magistrate Judge assigned to this case, of judicial misconduct. Specifically, he accuses the Fort Myers Magistrate Judge of misconduct because the judge allegedly worked alongside Defendant Attorney Kenneth E. Kemp II on a case in 2016 in the Florida 20th Judicial Circuit Court. (Doc. 122 at 18; Doc. 121-2 at 39). In support, Mr. Smith attached a report of Judge Lauren Brodie's docket for August 23, 2016. (Doc. 122-1 at 39). The docket sheet reflects that the Fort Myers Magistrate Judge did not work alongside Mr. Kemp. (*Id.*). The docket sheet shows that the Fort Myers Magistrate Judge, while in private practice, had a case management conference on a *separate* case that was scheduled 10 minutes before another conference where Mr. Kemp was listed as the attorney. This is not evidence of partiality. Even had the Fort Myers Magistrate Judge and Mr. Kemp worked together on a case 9 years ago, Mr. Smith fails to demonstrate how that prior work many years ago has anything to do with his failure to attend a status conference and prosecuting this case. The Fort Myers legal community is small. Many attorneys have previously worked together or on opposing sides. A broad accusation that attorneys previously worked together is not dispositive of partiality, nor does it constitute any evidence as to why Mr. Smith has

failed to appear at a status conference or why he has not responded to Defendants' motions to dismiss his amended complaint.

Last, the Court addresses an argument by Mr. Smith that has been overwhelmingly repeated and echoed so often that the Court cannot continue without addressing it. Throughout this case, Mr. Smith has continuously repeated a claim that the Orlando Magistrate Judge previously assigned to this case committed judicial misconduct when she struck Mr. Smith's *in forma pauperis* motion. On September 20, 2023, Mr. Smith filed a motion to proceed *in forma pauperis* that included sensitive information that the Court does not permit to be filed on the public docket. (Doc. 3) (stricken). Specifically, the Magistrate Judge struck the IFP motion because it "appear[ed] to contain the full financial account number for one of Plaintiff's bank accounts, in addition to a copy of Plaintiff's driver's license, which provides Plaintiff's social security number." (Doc. 8 at 1–2). Federal Rule of Civil Procedure 5.2 provides privacy protection for filings made with the Court. Rule 5.2 states that a filing may only include the last four digits of a person's social security number and the last four digits of a financial-account number. Fed. R. Civ. P. 5.2(a)(1), (4). Plaintiff is upset that the Orlando Magistrate Judge protected his personally identifiable information by striking his motion so that it did not appear on the public docket for all to see.

In multiple motions, responses, and supplements filed throughout this case, Mr. Smith has accused the Magistrate Judge of judicial misconduct because driver's licenses do not contain social security numbers. (*See, e.g.,* Docs. 85, 103, 119, 120, &

122). This is true. But it does not change the fact that the document that was stricken by the Orlando Magistrate Judge also contained bank account information. In other words, the Orlando Magistrate Judge properly exercised her discretion to strike the entire filing, rather than parts of it. Rather than focus on responding to Defendants' motions to dismiss and complying with Court Orders, Mr. Smith continues to file documents regarding his claim that the Orlando Magistrate Judge committed judicial misconduct. He continuously repeats that this is evidence of partiality in this case.

A simple re-reading of the Magistrate Judge's Order would have yielded that Mr. Smith's bank account documents filed on the docket inappropriately contained his complete bank account number and social security number, not his driver's license. Mr. Smith has demonstrated his inability to follow this Court's procedures and instructions. From Mr. Smith's obstinate behavior, it is clear to the Court that Mr. Smith has no intention to litigate the merits of this case within the established procedures of this Court.

Accordingly, Objections 6 and 7 are overruled, and this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with Court Orders.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's objections (Doc. 122) are **OVERRULED**, and the Magistrate Judge's Report (Doc. 121) is **ADOPTED** and made part of this Order for all purposes.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to terminate any pending deadlines and motions and close the file.

**ORDERED** in Fort Myers, Florida, on October 14, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE